ECF CASE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SONIA RIVERA, NOBERTO SEGUINOT,          :
JONNATAN REYES, CHRISTOPHER RIVERA,      :
ADA MORALES and RAFAEL NIEVES,           :
                                         :
                       PLAINTIFFS,       :
                                         :
          -AGAINST-                      :
                                         :
THE CITY OF NEW YORK, RAYMOND W.         :          **COMPLAINT**
KELLY, Individually and as Police Commissioner, :
"LIEUTENANT JOHN DOE #1", "POLICE        :
OFFICER JOHN DOE #1" through "POLICE     :     Civil Action No.: 07 CV 5999 (DAB)
OFFICER JOHN DOE #10" and "POLICE        :
OFFICER JANE DOE #1", the last twelve names :
being fictitious and unknown to plaintiffs, the :
persons or parties intended being New York City :
Police Officers,                         :
                                         :
                       DEFENDANTS.       :
-------------------------------------------------------------X

PLAINTIFFS, **SONIA RIVERA, NOBERTO SEGUINOT, JONNATAN REYES,**

**CHRISTOPHER RIVERA, ADA MORALES** and **RAFAEL NIEVES**, by their attorneys,

CODELIA & SOCORRO, P.C., complaining of the DEFENDANTS herein respectfully sets forth

and alleges, upon information and belief, as follows:

### JURISDICTION AND VENUE

1.     Jurisdiction is founded upon the existence of a federal question.

2.     This action is brought pursuant to 42 U.S.C. §1983, §1331 and §1343(3) and (4) and

the First and Fourteenth Amendments of the Constitution of the United States.

3.     This Court has jurisdiction of subject matter of this action pursuant to 28 U.S.C.

§1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

4.    Upon information and belief, venue is proper in this Court because, inter alia, all DEFENDANTS reside within the State of New York [28 U.S.C. §1391(b) and 28 U.S.C. §112(b)].

5.    This Court has personal jurisdiction over the parties in this action as a result of the DEFENDANTS' wrongful acts hereinafter complained of, which violated PLAINTIFFS' rights under color of statute, ordinance, regulation, custom or usage of a right, privileges and immunity secured by the First, Fourth and Fourteenth Amendments of the Constitution of the United States. The DEFENDANTS' wrongful acts consisted of unlawful search and seizure, unlawful arrest, unlawful imprisonment, assault and battery of PLAINTIFFS and the negligent hiring, training and supervision of said DEFENDANTS in the State of New York.

## THE PARTIES

6.    PLAINTIFF, **SONIA RIVERA,** is a citizen of the United States and is a resident of the City of Anasco, Commonwealth of Puerto Rico.

7.    PLAINTIFF, **NOBERTO SEGUINOT,** is a citizen of the United States and is a resident of County of Bronx, City and State of New York.

8.    PLAINTIFFS, **JONNATAN REYES,** is a citizen of the United States and is a resident of County of Bronx, City and State of New York.

9.    PLAINTIFF, **CHRISTOPHER RIVERA,** is a citizen of the United States and is a resident of County of Bronx, City and State of New York.

10.    PLAINTIFF, **ADA MORALES,** is a citizen of the United States and is a resident of County of Bronx, City and State of New York.

2

11.     PLAINTIFF, **RAFAEL NIEVES**, is a citizen of the United States and is a resident of County of Bronx, City and State of New York

12.     Upon information and belief, DEFENDANT, **THE CITY OF NEW YORK**, herein was and still is a domestic municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

13.     Upon information and belief that at all times hereinafter mentioned the DEFENDANT, **THE CITY OF NEW YORK**, its agents, servants and employees operated, maintained and controlled the Police Department of **THE CITY OF NEW YORK**, including all the police officers thereof.

14.     Upon information and belief, DEFENDANT, **"LIEUTENANT JOHN DOE #1"**, resides in the State of New York.

15.     Upon information and belief, DEFENDANT, **"POLICE OFFICER JOHN DOE #1"**, resides in the State of New York.

16.     Upon information and belief, DEFENDANT, **"POLICE OFFICER JOHN DOE #2"**, resides in the State of New York.

17.     Upon information and belief, DEFENDANT, **"POLICE OFFICER JOHN DOE #3"**, resides in the State of New York.

18.     Upon information and belief, DEFENDANT, **"POLICE OFFICER JOHN DOE #4"**, resides in the State of New York.

19.     Upon information and belief, DEFENDANT, **"POLICE OFFICER JOHN DOE #5"**, resides in the State of New York.

20.     Upon information and belief, DEFENDANT, **"POLICE OFFICER JOHN DOE**

**#6"**, resides in the State of New York.

21.    Upon information and belief, DEFENDANT, **"POLICE OFFICER JOHN DOE #7"**, resides in the State of New York.

22.    Upon information and belief, DEFENDANT, **"POLICE OFFICER JOHN DOE #8"**, resides in the State of New York.

23.    Upon information and belief, DEFENDANT, **"POLICE OFFICER JOHN DOE #9",** resides in the State of New York.

24.    Upon information and belief, DEFENDANT, **"POLICE OFFICER JOHN DOE #10"**, resides in the State of New York.

25.    Upon information and belief, DEFENDANT, **"POLICE OFFICER JANE DOE #1"**, resides in the State of New York.

26.    Upon information and belief, that at all times hereinafter mentioned, and on or prior to June 2004, July 16, 2004 and August 11, 2004, DEFENDANT, **"LIEUTENANT JOHN DOE #1"**, Shield No. and Tax I.D. No. unknown, was employed by the DEFENDANT, **THE CITY OF NEW YORK**.

27.    Upon information and belief, that at all times hereinafter mentioned, and on or prior to June 2004, July 16, 2004 and August 11, 2004, DEFENDANT, **"POLICE OFFICER  JOHN DOE #1"**, Shield No. and Tax I.D. No. unknown, was employed by the DEFENDANT, **THE CITY OF NEW YORK**.

28.    Upon information and belief, that at all times hereinafter mentioned, and on or prior to June 2004, July 16, 2004 and August 11, 2004, DEFENDANT, **"POLICE OFFICER  JOHN DOE #2"**, Shield No. and Tax I.D. No. unknown, was employed by the DEFENDANT, **THE CITY**

4

OF NEW YORK.

29.     Upon information and belief, that at all times hereinafter mentioned, and on or prior to June 2004, July 16, 2004 and August 11, 2004, DEFENDANT, **"POLICE OFFICER JOHN DOE #3"**, Shield No. and Tax I.D. No. unknown, was employed by the DEFENDANT, **THE CITY OF NEW YORK**.

30.     Upon information and belief, that at all times hereinafter mentioned, and on or prior to June 2004, July 16, 2004 and August 11, 2004, DEFENDANT, **"POLICE OFFICER JOHN DOE #4"**, Shield No. and Tax I.D. No. unknown, was employed by the DEFENDANT, **THE CITY OF NEW YORK**.

31.     Upon information and belief, that at all times hereinafter mentioned, and on or prior to June 2004, July 16, 2004 and August 11, 2004, DEFENDANT, **"POLICE OFFICER JOHN DOE #5"**, Shield No. and Tax I.D. No. unknown, was employed by the DEFENDANT, **THE CITY OF NEW YORK**.

32.     Upon information and belief, that at all times hereinafter mentioned, and on or prior to June 2004, July 16, 2004 and August 11, 2004, DEFENDANT, **"POLICE OFFICER JOHN DOE #6"**, Shield No. and Tax I.D. No. unknown, was employed by the DEFENDANT, **THE CITY OF NEW YORK**.

33.     Upon information and belief, that at all times hereinafter mentioned, and on or prior to June 2004, July 16, 2004 and August 11, 2004, DEFENDANT, **"POLICE OFFICER JOHN DOE #7"**, Shield No. and Tax I.D. No. unknown, was employed by the DEFENDANT, **THE CITY OF NEW YORK**.

34.     Upon information and belief, that at all times hereinafter mentioned, and on or prior

5

to June 2004, July 16, 2004 and August 11, 2004, DEFENDANT, **"POLICE OFFICER  JOHN DOE #8"**, Shield No. and Tax I.D. No. unknown, was employed by the DEFENDANT, **THE CITY OF NEW YORK**.

35.     Upon information and belief, that at all times hereinafter mentioned, and on or prior to June 2004, July 16, 2004 and August 11, 2004, DEFENDANT, **"POLICE OFFICER  JOHN DOE #9"**, Shield No. and Tax I.D. No. unknown, was employed by the DEFENDANT, **THE CITY OF NEW YORK**.

36.     Upon information and belief, that at all times hereinafter mentioned, and on or prior to June 2004, July 16, 2004 and August 11, 2004, DEFENDANT, **"POLICE OFFICER  JOHN DOE #10"**, Shield No. and Tax I.D. No. unknown, was employed by the DEFENDANT, **THE CITY OF NEW YORK**.

37.     Upon information and belief, that at all times hereinafter mentioned, and on or prior to June 2004, July 16, 2004 and August 11, 2004, DEFENDANT, **"POLICE OFFICER JANE DOE #1"**, Shield No. and Tax I.D. No. unknown, was employed by the DEFENDANT, **THE CITY OF NEW YORK**.

38.     Upon information and belief, that at all times hereinafter mentioned, and on or about June 2004, July 16, 2004 and August 11, 2004, DEFENDANTS, **"LIEUTENANT JOHN DOE #1", "POLICE OFFICER JOHN DOE #1", "POLICE OFFICER JOHN DOE #2", "POLICE OFFICER JOHN DOE #3", "POLICE OFFICER JOHN DOE #4", "POLICE OFFICER JOHN DOE #5", "POLICE OFFICER JOHN DOE #6", "POLICE OFFICER JOHN DOE #7", "POLICE OFFICER JOHN DOE #8", "POLICE OFFICER JOHN DOE #9", "POLICE OFFICER JOHN DOE #10"** and **"POLICE OFFICER JANE DOE #1"** were assigned to the

6

Bronx Narcotics Unit or some other unknown New York Police Department plain clothes, undercover narcotics enforcement unit.

39.    Upon information and belief, that at all times hereinafter mentioned, the DEFENDANT, **RAYMOND W. KELLY**, Commissioner of the Police Department of **THE CITY OF NEW YORK** was and is presently acting as Police Commissioner of **THE CITY OF NEW YORK**, and an employee of **THE CITY OF NEW YORK**.

40.    Upon information and belief, that at all times hereinafter mentioned, and on or about June 2004, July 16, 2004 and August 11, 2004, the DEFENDANT, **RAYMOND W. KELLY**, Commissioner of the Police Department of **THE CITY OF NEW YORK**, was hired by **THE CITY OF NEW YORK** as Police Commissioner of the Police Department of **THE CITY OF NEW YORK** and designated as head of the Police Officers for **THE CITY OF NEW YORK**.

41.    This action arises under the United States Constitution, particularly under the provisions of the First, Fourth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Act, 45 U.S.C.§1983 and the rights under the Constitution and laws of the State of New York.

42.    Each and all of the acts of the DEFENDANTS alleged herein were done by the DEFENDANTS, their agents, servants and employees, and each of them, not as individuals, but under the pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, and under authority of their office as Police Officers of said state, city and county.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF SONIA RIVERA**

43.    PLAINTIFF, **SONIA RIVERA**, hereby incorporates by reference all of the

allegations contained in paragraphs one through forty-two, inclusive as though set forth herein at length.

44.     That on or abut June, 2004, PLAINTIFF, **SONIA RIVERA**, by contract-lease was a bonafide lessee of apartment number #1K in a residential building located at 2640 Marion Avenue, in the County of Bronx, City and State of New York.

45.     Upon information and belief, on or about June, 2004, at approximately 6:00 - 8:00 P.M., DEFENDANTS **"LIEUTENANT JOHN DOE #1", "POLICE OFFICER JOHN DOE #1", "POLICE OFFICER JOHN DOE #2" and "POLICE OFFICER JOHN DOE #3"** did enter unlawfully, without probable cause, consent or valid warrant, gained access to said PLAINTIFF, **SONIA RIVERA's** apartment in search of contraband, more specifically illicit controlled substances.

46.     Upon information and belief, that while in said apartment said DEFENDANTS unlawfully searched the apartment by ransacking cabinets, drawers, closets and breaking closet doors in search of illicit controlled substances.

47.     Upon information and belief, that while in said apartment, said DEFENDANTS retrieved a metal box from a closet, opened the box, found United States currency of different denominations in the box and took custody of the money without leaving a receipt or copy of a voucher for the found money.

48.     Upon information and belief, that while in said apartment, said DEFENDANTS came upon United States currency of different denominations in other areas of the apartment and took custody of said monies without leaving a receipt or copy of a voucher for the found money.

49.     Upon information and belief, that the total amount said DEFENDANTS removed

from said apartment totaled approximately Four Thousand ($4,000.00) dollars in United States currency.

50.     Upon information and belief, that said DEFENDANTS never found controlled substances in any of the apartment areas they searched.

51.     Upon information and belief, that said DEFENDANTS did not possess a valid search warrant executed by a magistrate in the County of Bronx, City and State of New York.

52.     Upon information and belief, that said DEFENDANTS and DEFENDANTS **THE CITY OF NEW YORK** and **RAYMOND W. KELLY** never returned, neither in whole nor in part, any sum of the United States currency said DEFENDANTS removed from PLAINTIFF's **SONIA RIVERA**'s apartment.

53.     Upon information and belief, that said DEFENDANTS and DEFENDANTS, **THE CITY OF NEW YORK** and **RAYMOND W. KELLY** never repaired, replaced or authorized repair of said damaged closet.

54.     That PLAINTIFF, **SONIA RIVERA,** was wholly innocent of any and all allegations of storing and/or selling illicit controlled substances inside and from her apartment.

55.     That by reason of the unlawful search of said premises and seizure of legally owned United States currency, and in direct violation of the Fourth Amendment of the United States Constitution that guarantees an individual's right to be secure in their person and houses and right to not be subjected unreasonable searches and seizures, PLAINTIFF, **SONIA RIVERA** was subjected to great indignation, humiliation and ridicule by members of her immediate community, and caused her to suffer mental anguish and loss of personal property.

56.     That by reason of the aforesaid, the PLAINTIFF has been damaged in the sum of

ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF NORBERTO SEGUINOT

57.    PLAINTIFF, **NORBERTO SEGUINOT**, hereby incorporates by reference all of the allegations contained in paragraphs one through forty-two, inclusive as though set forth herein at length.

58.    That on or about June, 2004, PLAINTIFF, **NORBERTO SEGUINOT**, by contract-lease was a bonafide lessee of apartment number #1K in a residential building located at 2640 Marion Avenue, in the County of Bronx, City and State of New York.

59.    Upon information and belief, on or about June, 2004, at approximately 6:00 - 8:00 P.M., DEFENDANTS **"LIEUTENANT JOHN DOE #1", "POLICE OFFICER JOHN DOE #1", "POLICE OFFICER JOHN DOE #2"** and **"POLICE OFFICER JOHN DOE #3"** did enter unlawfully, without probable cause, consent or valid warrant, gained access to said PLAINTIFF's, **NORBERTO SEGUINOT**'s apartment in search of contraband, more specifically illicit controlled substances.

60.    Upon information and belief, that while in said apartment said DEFENDANTS unlawfully searched the apartment by ransacking cabinets, drawers, closets and breaking closet doors in search of illicit controlled substances.

61.    Upon information and belief, that while in said apartment, said DEFENDANTS retrieved a metal box from a closet, opened the box, found United States currency of different denominations in the box and took custody of the money without leaving a receipt or copy of a voucher for the found money.

62.    Upon information and belief, that while in said apartment, said DEFENDANTS came upon United States currency of different denominations in other areas of the apartment and took custody of said monies without leaving a receipt or copy of a voucher for the found money.

63.    Upon information and belief, that the total amount said DEFENDANTS removed from said apartment totaled approximately Four Thousand ($4,000.00) dollars in United States currency.

64.    Upon information and belief, that said DEFENDANTS never found controlled substances in any of the apartment areas they searched.

65.    Upon information and belief, that said DEFENDANTS did not possess a valid search warrant executed by a magistrate in the County of Bronx, City and State of New York.

66.    Upon information and belief, that said DEFENDANTS and DEFENDANTS, **THE CITY OF NEW YORK** and **RAYMOND W. KELLY** never returned, neither in whole nor in part, any sum of the United States currency said DEFENDANTS removed from PLAINTIFF's **NORBERTO SEGUINOT**'s apartment.

67.    Upon information and belief, that said DEFENDANTS and DEFENDANTS, **THE CITY OF NEW YORK** and **RAYMOND W. KELLY** never repaired, replaced or authorized repair of said damaged closet.

68.    That PLAINTIFF, **NORBERTO SEGUINOT,** was wholly innocent of any and all allegations of storing and/or selling illicit controlled substances inside and from his apartment.

69.    That by reason of the unlawful search of said premises and seizure of legally owned United States currency, and in direct violation of the Fourth Amendment of the United States Constitution that guarantees an individual's right to be secure in their person and houses and right

to not be subjected to unreasonable searches and seizures, PLAINTIFF, **NORBERTO SEGUINOT** was subjected to great indignation, humiliation and ridicule by members of his immediate community, and caused him to suffer mental anguish and loss of personal property.

70.    That by reason of the aforesaid, the PLAINTIFF has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF JONNATAN REYES

71.    PLAINTIFF, **JONNATAN REYES**, hereby incorporates by reference all of the allegations contained in paragraphs one through forty-two, inclusive as though set forth herein at length.

72.    That on or about June, 2004, PLAINTIFF, **JONNATAN REYES**, by contract-lease was a bonafide tenant of apartment number #1K in a residential building located at 2640 Marion Avenue, in the County of Bronx, City and State of New York.

73.    Upon information and belief, on or about June, 2004, at approximately 6:00 - 8:00 P.M., DEFENDANTS **"LIEUTENANT JOHN DOE #1", "POLICE OFFICER JOHN DOE #1", "POLICE OFFICER JOHN DOE #2"** and **"POLICE OFFICER JOHN DOE #3"** did enter unlawfully, without probable cause, consent or valid warrant, gained access to said PLAINTIFF, **JONNATAN REYES**'s apartment in search of contraband, more specifically illicit controlled substances.

74.    Upon information and belief, while said apartment was being illegally searched, **JONNATAN REYES,** who was a minor on said date, was legally   on a public thoroughfare in the vicinity of his residence located at 2640 Marion Avenue, Bronx, New York.

12

75.      Upon information and belief, **"POLICE OFFICER JOHN DOE #4"** and **"POLICE OFFICER JOHN DOE #5"** approached PLAINTIFF **JONNATAN REYES** and illegally grabbed him and directed PLAINTIFF **JONNATAN REYES**, to accompany him upstairs to his apartment that was being illegally searched, which in fact, without consent and fear of being arrested, PLAINTIFF did as he was told.

76.      Upon information and belief, while inside said apartment, PLAINTIFF **JONNATAN REYES** was not allowed to leave and was directed where to stand by the officer.

77.      Upon information and belief, that once said DEFENDANTS failed to discover illicit contraband in said premises, they exited the apartment and left PLAINTIFF **JONNATAN REYES** behind in a state of shock and fear.

78.      Upon information and belief, that PLAINTIFF **JONNATAN REYES** was a lawful pedestrian at the time **"POLICE OFFICER JOHN DOE #4"** approached him on the street and was wholly innocent of any and all allegations of knowing where illicit controlled substances were stored inside said apartment.

79.      That by reason of the unlawful stop and unlawful imprisonment, PLAINTIFF **JONNATAN REYES**, a minor at the time of said wrongful act, was subjected to great indignation, humiliation and ridicule by member of his immediate community and caused him to suffer physical and mental anguish.

80.      That by reason of the aforesaid, the PLAINTIFF has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF JONNATAN REYES

81.    PLAINTIFF, **JONNATAN REYES**, hereby incorporates by reference all of the allegations contained in paragraphs one through eighty-three, inclusive as though set forth herein at length.

82.    That by reason of the assault and battery, PLAINTIFF **JONNATAN REYES**, a minor at the time of said wrongful act, was subjected to great indignation, humiliation and ridicule by member of his immediate community and caused him to suffer physical and mental anguish.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF JONNATAN REYES

83.    PLAINTIFF, **JONNATAN REYES**, repeats, reiterates and realleges each and every allegation contained in paragraphs marked one through eighty-one with the same force and effect as if more fully and at length set forth herein.

84.    That on or about June 2004, PLAINTIFF, **JONNATAN REYES**, was lawfully and properly at or near premises known as 2640 Marion Avenue, New York, in the County of Bronx, City and State of New York, more particularly on the public sidewalk thereat, at which time and place DEFENDANTS then and there were at as part of their regular and official employment as police officers for the DEFENDANT, **THE CITY OF NEW YORK**.

85.    As PLAINTIFF, **JONNATAN REYES**, was lawfully and properly thereat conversing with family and friends, the aforementioned police officers, who having the real and apparent ability to cause imminent harmful and offensive bodily contact and the power and authority to arrest and imprison the PLAINTIFF, **JONNATAN REYES**, did conduct these acts upon the PLAINTIFF,

14

**JONNATAN REYES**, who, after continuing his lawful activity, was conversing with family and friends thereat on the aforementioned date and place and forcefully precipitated the PLAINTIFF, **JONNATAN REYES**.

_____86.    Immediately thereafter, aforementioned DEFENDANTS, their agents, servants and employees falsely arrested and imprisoned the PLAINTIFF, **JONNATAN REYES**, assaulted the PLAINTIFF, **JONNATAN REYES**, and deprived him of his rights and liberties as set forth in the Constitutions of the United States and of the State of New York, handcuffed him and threatened PLAINTIFF, **JONNATAN REYES**, with the possible use of firearms and weapons and the use of physical force; in that they continued to assault the PLAINTIFF, **JONNATAN REYES**, and to imprison him without any conduct on the part of the PLAINTIFF, **JONNATAN REYES**, to so warrant; to wit:

_____a)    in that all of the actions of the DEFENDANTS, their agents, servants and employees, were committed with the intention to cause bodily and mental injury to the PLAINTIFF, **JONNATAN REYES**, to arrest, restrain and imprison the PLAINTIFF, **JONNATAN REYES**, without his consent, the PLAINTIFF, **JONNATAN REYES**, was at all times conscious of his arrest, did not consent to the false arrest and the false arrest and imprisonments were not otherwise privileged; and,

b)    the arrest and imprisonment were not justified by probable cause or other legal privilege; DEFENDANTS, their agents, servants and employees, acting under the color of statute, ordinances, regulations, customs and usages of the State, City and County of New York, and under the authority of their office as police officers for said City, falsely detained the PLAINTIFF, **JONNATAN REYES**, although the DEFENDANTS, acting in such capacity knew that such charges were false; and,

c)    in that the DEFENDANTS, their agents, servants and employees caused an assault and battery hen they in a hostile and/or offensive manner threatened, touched and grabbed the PLAINTIFF, **JONNATAN REYES**, without his consent and with the intention of

15

causing harmful and/or offensive bodily contact to the PLAINTIFF, **JONNATAN REYES**, all without warrant, probable cause or any lawful cause whatever; and,

d)    that the DEFENDANTS, their agents, servants and employees failed to adequately and properly hire, retain, train, supervise, discipline or in any other way control the behavior and performance of the DEFENDANTS, their agents, servants and employees and in their hiring practices in the exercise of their police functions and their failure to enforce the laws of the State and City of New York is evidence of the reckless lack of cautious regard for the rights of the public including PLAINTIFF, **JONNATAN REYES**, and exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of the DEFENDANTS; and,

e)    the failure of the DEFENDANTS, their agents, servants and employees to hire, train supervise, discipline or in any other way control the DEFENDANTS, in the exercise of their functions and their failure to enforce the laws of the State of New York and the City of New York was and is carried out wilfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the State and City of New York including PLAINTIFF, **JONNATAN REYES**; and,

f)    due to the acts of the DEFENDANTS, their agents, servants and employees herein, the failure of the City of New York to discipline and properly hire the DEFENDANTS and the continued employment of the DEFENDANTS present a clear and present danger to the citizens of the City and State of New York; and,

g)    that the DEFENDANTS, their agents, servants and employees permitted the use of policy and/or drafted policy that was violative of the constitutional rights of the above named PLAINTIFF, **JONNATAN REYES**; and, in that each and all of the acts of the DEFENDANTS, their agents, servants and employees alleged herein were done not as individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, **THE CITY OF NEW YORK** and the County of New York, and under the authority of their office as police officers for said city and county.

16

87.    PLAINTIFF, **JONNATAN REYES**, did not commit any illegal act, either before or at the time he was falsely arrested and imprisoned, assaulted and battered, maliciously prosecuted and deprived of his constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. §1983 and the Constitution of the State of New York.

88.    As a direct result of the illegal actions and conduct on the part of the DEFENDANTS, their agents, servants and employees, PLAINTIFF, **JONNATAN REYES**, was falsely arrested and imprisoned, assaulted and battered.

89.    That at all times hereinafter mentioned, the DEFENDANTS were employed in their respective capacities by the DEFENDANT **THE CITY OF NEW YORK** and were acting under the color of the polices, statutes, ordinances, rules and regulations of **THE CITY OF NEW YORK**.

90.    That at all times hereinafter mentioned, DEFENDANT, **"LIEUTENANT JOHN DOE #1",** was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK**.

91.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #1",** was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK**.

92.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #2",** was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK**.

93.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #3",** was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK**.

94.    That during all times hereinafter mentioned, the DEFENDANTS, **"LIEUTENANT JOHN DOE #1"**, **"POLICE OFFICER JOHN DOE #1"**, **"POLICE OFFICER JOHN DOE #2"** and **"POLICE OFFICER JOHN DOE #3"**, and each of them separately, and in concert acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of **THE CITY OF NEW YORK** and the DEFENDANTS here, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the PLAINTIFF **JONNATAN REYES**, and deprived PLAINTIFF, **JONNATAN REYES**, of the rights, privileges and immunities secured to PLAINTIFF **JONNATAN REYES** by the First and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

95.    The Police Officers of the DEFENDANT **THE CITY OF NEW YORK** and its individual members who are agents, servants and employees of DEFENDANTS, together with persons unknown to PLAINTIFF **JONNATAN REYES**, acting under color of law, have subjected PLAINTIFF **JONNATAN REYES**, and other persons to a pattern of conduct consisting of illegal harassment, assault and battery, false imprisonments and arrests and malicious prosecution at the time said persons are lawfully and properly on the public sidewalks partaking in peaceful demonstrations in the County of New York, City and State of New York, in denial of rights, privileges and immunities guaranteed PLAINTIFF, **JONNATAN REYES**, and other citizens by the Constitution of the United States.

96.    This systematic pattern of conduct consists of a large number of individual acts of force, intimidation, false arrest and false imprisonment visited on PLAINTIFF **JONNATAN REYES**, and other citizens by members of the police department of DEFENDANT **THE CITY OF NEW YORK**, acting in concert with persons unknown to PLAINTIFF, **JONNATAN REYES,** and

under color of law and said acts, while carried out under color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

97.    Although DEFENDANTS knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and employees, the DEFENDANT **THE CITY OF NEW YORK** has not taken any steps or made any efforts to halt this course of conduct, to make redress to the PLAINTIFF **JONNATAN REYES** or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

98.    The unlawful and illegal conduct of the DEFENDANTS, their agents, servants and employees and each of them, deprived PLAINTIFF, **JONNATAN REYES**, of the following rights, privileges and immunities secured to him by the Constitution of the United and of the State of New York:

        a)    The right of PLAINTIFF, **JONNATAN REYES**, to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States; and,

        b)    The right of PLAINTIFF, **JONNATAN REYES**, to be informed of the nature and cause of the accusation against him as secured to him under the Sixth and Fourteenth Amendments of the Constitution of the United States; and,

        c)    The right of PLAINTIFF, **JONNATAN REYES**, not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

99.    That by reason of the aforesaid violations, false arrest and false imprisonment, assault

and battery caused by the DEFENDANTS, their agents, servants and employees who conspired together to enter into a nefarious scheme to wrongfully deprive the PLAINTIFF, **JONNATAN REYES**, and compel him to abandon his rights and privileges as provided by him in the Constitution of the United States of America, and provided by him in the Constitution of the United States of America, and provided him in the Constitution of the State of New York, and laws thereto, the DEFENDANTS, their agents, servants and employees acted as persons who under color of any stature, ordinance, regulation, custom or usage of **THE CITY OF NEW YORK**, subjected or caused to be subjected, a citizen of the United States of America and of the State of New York; was subjected to great indignities and humiliation, and pain and distress of mind and body and was held up to scorn and ridicule, injured in his character and reputation, was prevented from attending his usual business and vocation and was injured in his reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging PLAINTIFF, **JONNATAN REYES.**

100.    That by reason of the aforesaid intentional assault and battery, the false arrest and false imprisonment and deprivation of his rights and liberties as guaranteed by the aforementioned constitutions, by the DEFENDANTS, their agents, servants and employees, acting within the scope of their authority, and without any probable cause or reasonable cause, the PLAINTIFF **JONNATAN REYES**, was subjected to great indignities and humiliation, and pain and distress of mind and body, and was held up to scorn and ridicule, injured in his character and reputation, was prevented from attending his usual business and vocation, was injured in his reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging the PLAINTIFF.

101.    That by reason of the aforesaid, PLAINTIFF, **JONNATAN REYES**, punitive damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS SONIA RIVERA, NORBERTO SEGUINOT AND JONNATAN REYES

102.    PLAINTIFFS, **SONIA RIVERA, NORBERTO SEGUINOT** and **JONNATAN REYES** repeats, reiterates and realleges each and every allegation contained in paragraphs marked one through one hundred fifteen with the same force and effect as if more fully and at length set forth herein.

103.    That the DEFENDANT, **THE CITY OF NEW YORK**, was careless and reckless in hiring and retaining as an for its employee, the above named individual; in that the said DEFENDANT lacked the experience, deportment and ability to be employed by the DEFENDANT; in that the DEFENDANT failed to exercise due care and caution in its hiring practices, and in particular, in hiring the DEFENDANT employee who lacked the mental capacity and the ability to function as an employee of the aforementioned DEFENDANT; in that DEFENDANT, **THE CITY OF NEW YORK**, failed to investigate the above named DEFENDANT's background; in that the DEFENDANT lacked the maturity, sensibility and intelligence to be employed by the DEFENDANT; in that the DEFENDANT knew of the lack of ability, experience, deportment and maturity of said DEFENDANT employee when they hired them to be an employee; and, in that the DEFENDANTS, their agents, servants and employees were otherwise careless, negligent and reckless.

104.    That the aforesaid occurrence, to wit: the false arrest and imprisonment, assault and

battery and the resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the DEFENDANT, its agents, servants and employees without any negligence on the part of the PLAINTIFFS, **SONIA RIVERA, NORBERTO SEGUINOT** and **JONNATAN REYES.**

105.    That by reason of the aforesaid, the PLAINTIFFS, **SONIA RIVERA, NORBERTO SEGUINOT** and **JONNATAN REYES**, were injured in mind and body, still suffer and upon information and belief, will continue to suffer mental pain, great indignities and humiliation foisted upon him by the actions of the DEFENDANTS, their agents,  servants and employees, including counsel fees and disbursements, and; upon information and belief, will expend further sums in that direction, and the PLAINTIFFS, **SONIA RIVERA, NORBERTO SEGUINOT** and **JONNATAN REYES**, have been otherwise damaged.

106.    That by reason of the aforesaid, the PLAINTIFFS, **SONIA RIVERA, NORBERTO SEGUINOT** and **JONNATAN REYES**, have been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

### AS AND FOR THE SEVENTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFFS SONIA RIVERA, NORBERTO SEGUINOT AND JONNATAN REYES

107.    PLAINTIFFS, **SONIA RIVERA, NORBERTO SEGUINOT** and **JONNATAN REYES** repeat, reiterates and realleges each and every allegation contained in paragraphs marked one through one hundred twenty with the same force and effect as if more fully and at length set forth herein.

108.    That the DEFENDANTS, their agents, servants and employees negligently, carelessly

and recklessly failed to properly train and supervise their employees, in particular, the named DEFENDANTS, in that they failed to train their employees in the proper use of weapons and firearms; in the proper manner in which to conduct the common law of inquiry, stop and question of citizens, investigate allegations of suspected possession and sales of controlled substances, conduct a search of premises and seizure of personal property, questioning of citizens, processing and invalidating arrests and to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonable, prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employer; and, in that the DEFENDANTS, their agents, servants and employees were otherwise reckless, careless and negligent.

109.    That the aforesaid occurrence, to wit: the false arrest and imprisonment, assault and battery and the resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the DEFENDANT, its agents, servants and employees without any negligence on the part of the PLAINTIFFS, **SONIA RIVERA, NORBERTO SEGUINOT** and **JONNATAN REYES**.

110.    That by reason of the aforesaid, the PLAINTIFFS, **SONIA RIVERA, NORBERTO SEGUINOT** and **JONNATAN REYES**, were injured in mind and body, still suffers and upon information and belief, will continue to suffer due to the indignities and humiliation foisted upon him by the actions of the DEFENDANTS, their agents, servants and employees, and the PLAINTIFFS, **SONIA RIVERA, NORBERTO SEGUINOT** and **JONNATAN REYES**, have been otherwise damaged.

111.    That by reason of the aforesaid, the PLAINTIFFS, **SONIA RIVERA, NORBERTO**

SEGUINOT and **JONNATAN REYES**, have been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR THE EIGHTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFFS SONIA RIVERA, NORBERTO SEGUINOT AND JONNATAN REYES

112.    PLAINTIFF, **SONIA RIVERA, NORBERTO SEGUINOT** and **JONNATAN REYES,** repeats, reiterates and realleges each and every allegation contained in paragraphs marked one through one hundred twenty five with the same force and effect as if more fully set forth herein.

113.    That the DEFENDANTS, its agents, servants and employees negligently, carelessly and recklessly performed their duties in that they failed to use such care in the performance of their police duties as a reasonably prudent and careful police officer would have used similar circumstances; in that they carelessly, recklessly and negligently arrested the PLAINTIFFS, **SONIA RIVERA, NORBERTO SEGUINOT** and **JONNATAN REYES**, without making a proper investigation; in that they were negligent, careless and reckless in the manner in which they operated, conducted searches of PLAINTIFFS, **SONIA RIVERA, NORBERTO SEGUINOT** and **JONNATAN REYES,** persons and PLAINTIFFS, **SONIA RIVERA** and **NORBERTO SEGUINOT,** premises and seizure of their personal property; that DEFENDANTS, their agents, servants and employees negligently, carelessly and recklessly without provocation and force; negligently handcuffed the PLAINTIFFS, **SONIA RIVERA, NORBERTO SEGUINOT** and **JONNATAN REYES**, negligently, carelessly and recklessly used the threat of physical force; and in that the DEFENDANTS, their agents, servants and employees were otherwise careless, reckless and negligent.

24

114.    That the aforesaid occurrence, to wit: the false arrest and imprisonment, assault and battery and the resulting injuries to mind and body therefrom, were caused by reason of the negligence of the DEFENDANTS, its agents, servants and employees without any negligence on the part of the PLAINTIFFS, **SONIA RIVERA, NORBERTO SEGUINOT** and **JONNATAN REYES**.

115.    That by reason of the aforesaid, the PLAINTIFFS, **SONIA RIVERA, NORBERTO SEGUINOT** and **JONNATAN REYES**, were injured in mind and body, still suffers and upon information and belief, will continue to suffer due to the indignities and humiliation foisted upon him by the actions of the DEFENDANTS, their agents, servants, and employees; and the PLAINTIFF, **SONIA RIVERA, NORBERTO SEGUINOT** and **JONNATAN REYES**, have been otherwise damaged.

116.    That by reason of the aforesaid, the PLAINTIFFS, **SONIA RIVERA, NORBERTO SEGUINOT** and **JONNATAN REYES**, have been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

### AS AND FOR A NINTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF SONIA RIVERA

117.    PLAINTIFF **SONIA RIVERA**, hereby incorporates by reference all of the allegations contained in paragraphs one through forty-two, with the same force and effect as if more fully and at length set forth herein.

118.    That on or about the 16th day of July, 2004, while PLAINTIFFS **SONIA RIVERA, JONNATAN REYES, CHRISTOPHER RIVERA, ADA MORALES** and **RAFAEL NIEVES** were lawfully and properly on the sidewalk or near premises known and designated as "Maresua

Deli-Grocery Store" located at 322-24 East 194th Street, in the County of Bronx, City and State of New York, the DEFENDANTS, their agents, servants and employees, particularly DEFENDANTS **"LIEUTENANT JOHN DOE #1", "POLICE OFFICERS JOHN DOE #6-11"** and **"POLICE OFFICER JANE DOE #1"**, disembarked from an unmarked motor vehicle (van) without just cause or provocation and with great force seized, assaulted and laid hold of PLAINTIFF **SONIA RIVERA** by unlawfully detaining, searching her person and causing handcuffs to be tightly placed upon her wrists behind her back.

119.    Upon information and belief, that the DEFENDANTS, their agents, servants and employer, acting as agents and on behalf of DEFENDANTS and within the scope of their employment, intentionally and willfully assaulted and battered PLAINTIFF **SONIA RIVERA** in that they had the real or apparent ability to cause imminent harm and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the PLAINTIFF and that act caused apprehension on such contact in the PLAINTIFF and DEFENDANTS in a hostile and/or offensive manner pointed their weapons, touched and forcefully grabbed and pushed PLAINTIFF **SONIA RIVERA**, without her consent and with intentions of causing harmful and offensive bodily contact to the PLAINTIFF by forcing her to remain handcuffed and seated on the ground for approximately two (2) hours as said DEFENDANTS ransacked and disrupted business in said premises in search of illicit controlled substances.

120.    Upon information and belief, that the DEFENDANTS, their agents, servants and employer, acting as agents and on behalf of DEFENDANTS and within the scope of their employment, intentionally and willfully assaulted and battered PLAINTIFF **SONIA RIVERA** in that they had the real or apparent ability to cause imminent harm and/or offensive bodily contact and

intentionally did a violent and/or menacing act which threatened such contact to the PLAINTIFF and that act caused apprehension on such contact in the PLAINTIFF and DEFENDANTS in a hostile and/or offensive manner pointed their weapons, touched and forcefully grabbed and pushed PLAINTIFF **SONIA RIVERA**, without her consent and with intentions of causing harmful and offensive bodily contact to the PLAINTIFF by forcefully grabbing PLAINTIFF **SONIA RIVERA** by the arm, forcefully lifting her to her feet, taking her to the back of said premises and threatened her.

121.    Upon information and belief, that PLAINTIFF **SONIA RIVERA**  was a lawful pedestrian at the time DEFENDANTS approached her on the street and was wholly innocent of any and all allegations of knowing where illicit controlled substances were stored inside said business.

122.    That by reason of the aforesaid intentional assault and battery committed by the DEFENDANTS, their agents, employees and servants, acting within the scope of their authority, and without probable cause, the PLAINTIFF suffered great physical pain to her wrists, arms and back, was subjected to great indignation, humiliation and ridicule by members of her immediate community and caused to suffer mental anguish, anxiety attacks, conscious fear of police and that she has otherwise been damaged.

123.    That by reason of the aforesaid, the PLAINTIFF has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

<u>**AS AND FOR A TENTH CAUSE OF ACTION**</u>
<u>**ON BEHALF OF PLAINTIFF SONIA RIVERA**</u>

124.    PLAINTIFF **SONIA RIVERA**, hereby incorporates by reference all of the allegations

27

contained in paragraphs "One" through "Eighty-Eight", with the same force and effect as if more fully and at length set forth herein.

125.    That on or about the 16th day of July, 2004, while PLAINTIFFS **SONIA RIVERA, JONNATAN REYES, CHRISTOPHER RIVERA, ADA MORALES** and **RAFAEL NIEVES** were lawfully and properly on the sidewalk and near premises known and designated as "Maresua Deli-Grocery Store" located at 322-24 East 194th Street, in the County of Bronx, City and State of New York, the DEFENDANTS, their agents, servants and employees, particularly DEFENDANTS **"LIEUTENANT JOHN DOE #1", "POLICE OFFICERS JOHN DOE #6-11"** and **"POLICE OFFICER JANE DOE #1"**, wrongfully arrested and detained PLAINTIFF **SONIA RIVERA**, without any right or grounds therefore.

126.    Upon information and belief, that on or about the 16th day of July, 2004, the defendants wrongfully and falsely accused PLAINTIFF **SONIA RIVERA** of being in possession of illicit controlled substance and/or had knowledge of where there were illicit controlled substances within said premises.

127.    Upon information and belief, that the said arrest and detention was caused by the defendants, their agents, servants  and employees, without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that the PLAINTIFF **SONIA RIVERA**, was in guilty of such crimes.

128.    Upon information and belief, while the plaintiff was so engaged in her legal activity, as aforesaid, the defendants their servants and employees, wrongfully and unlawfully, against the PLAINTIFF's wish, without probable or reasonable cause, arrested and detained the PLAINTIFF and will full force of arms they forcibly seized, assaulted and laid hold of and compelled her to go into

the aforesaid store and remain detained and imprisoned therein for two hours until such time as she was released.

129.    Upon information and belief, that the DEFENDANTS, their agents, servants and employer, acting as agents and on behalf of DEFENDANTS and within the scope of their employment, detained and imprisoned PLAINTIFF **SONIA RIVERA** even though DEFENDANTS, their agents, servants and employees, had the opportunity to know or should have known that the matters hereinbefore alleged, wrongfully, unlawfully and without a sufficient charge having been made against the PLAINTIFF, directed that the PLAINTIFF be searched and placed in confinement at said location.

130.    That PLAINTIFF **SONIA RIVERA** was wholly innocent of the said suspicious criminal activity and did not contribute in any way to the conduct of the DEFENDANTS, their agents, servants and employees and was forced by the DEFENDANTS to submit to the aforesaid arrest and imprisonment thereto entirely against her will.

131.    That the DEFENDANTS, their agents, servants and employees acting under their employment, as set forth aforesaid on the aforementioned date, time and place, intended to confine PLAINTIFF **SONIA RIVERA**; in that the PLAINTIFF was conscious of the confinement; PLAINTIFF did not consent to the confinement; and that the confinement was not otherwise privileged.

132.    That by reason of the false arrest, imprisonment and detention of PLAINTIFF **SONIA RIVERA**, PLAINTIFF was subjected to great indignities, humiliation and ridicule in being so detained, was then and there prevented and hindered from performing and transacting her necessary affairs and business and she was caused to suffer much pain to both mind and body.

133.    That by reason of the aforesaid, the PLAINTIFF has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR A ELEVENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF SONIA RIVERA

_____134.    PLAINTIFF, **SONIA RIVERA**, repeats, reiterates and realleges each and every allegation contained in paragraphs marked one through one hundred forty five with the same force and effect as if more fully and at length set forth herein.

_____135.    That on or about the 16th day of July, 2004,  PLAINTIFF, **SONIA RIVERA**, was lawfully and properly at or near premises known and designated as "Maresua Deli-Grocery Store" located at 322-24 East 194th Street, in the County of Bronx, City and State of New York, more particularly on the public sidewalk thereat, at which time and place DEFENDANTS then and there were at as part of their regular and official employment as police officers for the DEFENDANT, **THE CITY OF NEW YORK**.

136.    As PLAINTIFF, **SONIA RIVERA**, was lawfully and properly thereat conversing with family and friends, the aforementioned police officers, who having the real and apparent ability to cause imminent harmful and offensive bodily contact and the power and authority to arrest and imprison the PLAINTIFF, **SONIA RIVERA**, did conduct these acts upon the PLAINTIFF, **SONIA RIVERA**, who, after continuing her lawful activity, was conversing with family and friends thereat on the aforementioned date and place and forcefully precipitated the PLAINTIFF, **SONIA RIVERA**.

_____137.    Immediately thereafter, aforementioned DEFENDANTS, their agents, servants and employees falsely arrested and imprisoned the PLAINTIFF, **SONIA RIVERA**, assaulted the

PLAINTIFF, **SONIA RIVERA**, and deprived her of her rights and liberties as set forth in the Constitutions of the United States and of the State of New York, handcuffed her and threatened PLAINTIFF, **SONIA RIVERA**, with the possible use of firearms and weapons and the use of physical force; in that they continued to assault the PLAINTIFF, **SONIA RIVERA**, and to imprison her without any conduct on the part of the PLAINTIFF, **SONIA RIVERA**, to so warrant; to wit:

_____

a)   in that all of the actions of the DEFENDANTS, their agents, servants and employees, were committed with the intention to cause bodily and mental injury to the PLAINTIFF, **SONIA RIVERA**, to arrest, restrain and imprison the PLAINTIFF, **SONIA RIVERA**, without his consent, the PLAINTIFF, **SONIA RIVERA**, was at all times conscious of her arrest, did not consent to the false arrest and the false arrest and imprisonments were not otherwise privileged; and,

b)   the arrest and imprisonment were not justified by probable cause or other legal privilege; DEFENDANTS, their agents, servants and employees, acting under the color of statute, ordinances, regulations, customs and usages of the State, City and County of New York, and under the authority of their office as police officers for said City, falsely detained the PLAINTIFF, **SONIA RIVERA**, although the DEFENDANTS, acting in such capacity knew that such charges were false; and,

c)   in that the DEFENDANTS, their agents, servants and employees caused an assault and battery then they in a hostile and/or offensive manner threatened, touched and grabbed the PLAINTIFF, **SONIA RIVERA**, without his consent and with the intention of causing harmful and/or offensive bodily contact to the PLAINTIFF, **SONIA RIVERA**, all without warrant, probable cause or any lawful cause whatever; and,

d)   that the DEFENDANTS, their agents, servants and employees failed to adequately and properly hire, retain, train, supervise, discipline or in any other way control the behavior and performance of the DEFENDANTS, their agents, servants and employees and in their hiring practices in the exercise of their police functions and their failure to enforce the laws of the State and City of New York is evidence of the reckless lack of cautious regard for the rights of the public including PLAINTIFF, **SONIA RIVERA**, and exhibited a

lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of the DEFENDANTS; and,

e)   the failure of the DEFENDANTS, their agents, servants and employees to hire, train supervise, discipline or in any other way control the DEFENDANTS, in the exercise of their functions and their failure to enforce the laws of the State of New York and the City of New York was and is carried out wilfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the State and City of New York including PLAINTIFF, **SONIA RIVERA**; and,

f)   due to the acts of the DEFENDANTS, their agents, servants and employees herein, the failure of the City of New York to discipline and properly hire the DEFENDANTS and the continued employment of the DEFENDANTS present a clear and present danger to the citizens of the City and State of New York; and,

g)   that the DEFENDANTS, their agents, servants and employees permitted the use of policy and/or drafted policy that was violative of the constitutional rights of the above named PLAINTIFF, **SONIA RIVERA**; and, in that each and all of the acts of the DEFENDANTS, their agents, servants and employees alleged herein were done not as individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, **THE CITY OF NEW YORK** and the County of New York, and under the authority of their office as police officers for said city and county.

138.   PLAINTIFF, **SONIA RIVERA**, did not commit any illegal act, either before or at the time she was falsely arrested and imprisoned, assaulted and battered, maliciously prosecuted and deprived of her constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. §1983 and the Constitution of the State of New York.

139.   As a direct result of the illegal actions and conduct on the part of the DEFENDANTS, their agents, servants and employees, PLAINTIFF, **SONIA RIVERA**, was falsely arrested and

imprisoned, assaulted and battered.

140.    That at all times hereinafter mentioned, the DEFENDANTS were employed in their respective capacities by the DEFENDANT **THE CITY OF NEW YORK** and were acting under the color of the polices, statutes, ordinances, rules and regulations of **THE CITY OF NEW YORK**.

141.    That at all times hereinafter mentioned, DEFENDANT, **"LIEUTENANT JOHN DOE #1",** was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK.**

142.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #6",** was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK.**

143.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #7",** was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK**.

144.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #8",** was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK**.

145.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #9"**, was acting pursuant to order directives from Defendant **THE CITY OF NEW YORK**.

146.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #10"**, was acting pursuant to order directives from Defendant **THE CITY OF NEW YORK**.

33

147.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #11"**, was acting pursuant to order directives from Defendant **THE CITY OF NEW YORK**.

148.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JANE DOE #1"**, was acting pursuant to order directives from Defendant **THE CITY OF NEW YORK**.

149.    That during all times hereinafter mentioned, the DEFENDANTS, **"LIEUTENANT JOHN DOE #1"**, **"POLICE OFFICER JOHN DOE #6"**, **"POLICE OFFICER JOHN DOE #7"**, **"POLICE OFFICER JOHN DOE #8, "POLICE OFFICER JOHN DOE #9"**, **"POLICE OFFICER JOHN DOE #10, "POLICE OFFICER JOHN DOE #11"** and **"POLICE OFFICER JANE DOE #1"** and each of them separately, and in concert acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of **THE CITY OF NEW YORK** and the DEFENDANTS here, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the PLAINTIFF **SONIA RIVERA**, and deprived PLAINTIFF, **SONIA RIVERA**, of the rights, privileges and immunities secured to PLAINTIFF **SONIA RIVERA** by the First and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

150.    The Police Officers of the DEFENDANT **THE CITY OF NEW YORK** and its individual members who are agents, servants and employees of DEFENDANTS, together with persons unknown to PLAINTIFF **SONIA RIVERA**, acting under color of law, have subjected PLAINTIFF **SONIA RIVERA**, and other persons to a pattern of conduct consisting of illegal harassment, assault and battery, false imprisonments and arrests and malicious prosecution at the time said persons are lawfully and properly on the public sidewalks partaking in peaceful

34

demonstrations in the County of New York, City and State of New York, in denial of rights, privileges and immunities guaranteed PLAINTIFF, **SONIA RIVERA**, and other citizens by the Constitution of the United States.

151.    This systematic pattern of conduct consists of a large number of individual acts of force, intimidation, false arrest and false imprisonment visited on PLAINTIFF **SONIA RIVERA**, and other citizens by members of the police department of DEFENDANT **THE CITY OF NEW YORK**, acting in concert with persons unknown to PLAINTIFF, **SONIA RIVERA,** and under color of law and said acts, while carried out under color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

152.    Although DEFENDANTS knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and employees, the DEFENDANT **THE CITY OF NEW YORK** has not taken any steps or made any efforts to halt this course of conduct, to make redress to the PLAINTIFF **SONIA RIVERA** or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

153.    The unlawful and illegal conduct of the DEFENDANTS, their agents, servants and employees and each of them, deprived PLAINTIFF, **SONIA RIVERA**, of the following rights, privileges and immunities secured to him by the Constitution of the United and of the State of New York:

> a)    The right of PLAINTIFF, **SONIA RIVERA**, to be secure in her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States; and,

b)    The right of PLAINTIFF, **SONIA RIVERA**, to be informed of the nature and cause of the accusation against him as secured to her under the Sixth and Fourteenth Amendments of the Constitution of the United States; and,

c)    The right of PLAINTIFF, **SONIA RIVERA**, not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

154.    That by reason of the aforesaid violations, false arrest and false imprisonment, assault and battery caused by the DEFENDANTS, their agents, servants and employees who conspired together to enter into a nefarious scheme to wrongfully deprive the PLAINTIFF, **SONIA RIVERA**, and compel her to abandon her rights and privileges as provided by her in the Constitution of the United States of America, and provided by her in the Constitution of the United States of America, and provided her in the Constitution of the State of New York, and laws thereto, the DEFENDANTS, their agents, servants and employees acted as persons who under color of any stature, ordinance, regulation, custom or usage of **THE CITY OF NEW YORK**, subjected or caused to be subjected, a citizen of the United States of America and of the State of New York; was subjected to great indignities and humiliation, and pain and distress of mind and body and was held up to scorn and ridicule, injured in her character and reputation, was prevented from attending her usual business and vocation and was injured in her reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging PLAINTIFF, **SONIA RIVERA.**

155.    That by reason of the aforesaid intentional assault and battery, the false arrest and false imprisonment and deprivation of her rights and liberties as guaranteed by the aforementioned constitutions, by the DEFENDANTS, their agents, servants and employees, acting within the scope

of their authority, and without any probable cause or reasonable cause, the PLAINTIFF **SONIA RIVERA**, was subjected to great indignities and humiliation, and pain and distress of mind and body, and was held up to scorn and ridicule, injured in his character and reputation, was prevented from attending her usual business and vocation, was injured in her reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging the PLAINTIFF.

156.    That by reason of the aforesaid, PLAINTIFF, **SONIA RIVERA**, punitive damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

### AS AND FOR A SIXTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF JONNATAN REYES

157.    PLAINTIFF, **JONNATAN REYES**, hereby incorporates by reference all of the allegations contained in paragraphs one through forty-two, with the same force and effect as if more fully and at length set forth herein.

158.    That on or about the 16th day of July, 2004, while PLAINTIFFS **SONIA RIVERA, JONNATAN REYES, CHRISTOPHER RIVERA, ADA MORALES** and **RAFAEL NIEVES** were lawfully and properly on the sidewalk or near premises known and designated as "Maresua Deli-Grocery Store" located at 322-24 East 194th Street, in the County of Bronx, City and State of New York, the DEFENDANTS, their agents, servants and employees, particularly DEFENDANTS **"LIEUTENANT JOHN DOE #1", "POLICE OFFICERS JOHN DOE #6-11"** and **"POLICE OFFICER JANE DOE #1"**, disembarked from an unmarked motor vehicle (van) without just cause or provocation and with great force seized, assaulted and laid hold of PLAINTIFF **JONNATAN REYES** by unlawfully detaining, searching his person and causing handcuffs to be tightly placed

upon his wrists behind his back.

159.    Upon information and belief, that the DEFENDANTS, their agents, servants and employer, acting as agents and on behalf of DEFENDANTS and within the scope of their employment, intentionally and willfully assaulted and battered PLAINTIFF **JONNATAN REYES** in that they had the real or apparent ability to cause imminent harm and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the PLAINTIFF and that act caused apprehension on such contact in the PLAINTIFF and DEFENDANTS in a hostile and/or offensive manner pointed their weapons, touched and forcefully grabbed and pushed PLAINTIFF **JONNATAN REYES**, without his consent and with intentions of causing harmful and offensive bodily contact to the PLAINTIFF by forcing him down onto the ground to lay on his stomach, and remain handcuffed and on the ground, as said DEFENDANTS ransacked and disrupted business in said premises in search of illicit controlled substances.

160.    Upon information and belief, that the DEFENDANTS, their agents, servants and employer, acting as agents and on behalf of DEFENDANTS and within the scope of their employment, intentionally and willfully assaulted and battered PLAINTIFF **JONNATAN REYES** in that they had the real or apparent ability to cause imminent harm and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the PLAINTIFF and that act caused apprehension on such contact in the PLAINTIFF and DEFENDANTS in a hostile and/or offensive manner pointed their weapons, touched and forcefully grabbed and pushed PLAINTIFF **JONNATAN REYES**, without his consent and with intentions of causing harmful and offensive bodily contact to the PLAINTIFF by forcefully grabbing PLAINTIFF **JONNATAN REYES** by the arm, forcefully lifting him to his feet, taking him to the back of said premises and

threatened him and without his consent, DEFENDANTS removed PLAINTIFF **JONNATAN REYES**'s pants and sneakers as said DEFENDANTS ransacked and disrupted business in the premises in search of illicit controlled subtances.

161.     Upon information and belief, that PLAINTIFF **JONNATAN REYES** was a lawful pedestrian at the time DEFENDANTS approached him on the street and was wholly innocent of any and all allegations of knowing where illicit controlled substances were stored inside said business.

162.     That by reason of the aforesaid intentional assault and battery committed by the DEFENDANTS, their agents, employees and servants, acting within the scope of their authority, and without probable cause, the PLAINTIFF suffered great physical pain to his wrists, arms and back, was subjected to great indignation, humiliation and ridicule by members of his immediate community and caused to suffer mental anguish, anxiety attacks, conscious fear of police and that he has otherwise been damaged.

163.     That by reason of the aforesaid, the PLAINTIFF has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF JONNATAN REYES

164.     PLAINTIFF **JONNATAN REYES**, hereby incorporates by reference all of the allegations contained in paragraphs "One" through "One Hundred Five", with the same force and effect as if more fully and at length set forth herein.

165.     That on or about the 16th day of July, 2004, while PLAINTIFFS **SONIA RIVERA, JONNATAN REYES, CHRISTOPHER RIVERA, ADA MORALES** and **RAFAEL NIEVES**

were lawfully and properly on the sidewalk and near premises known and designated as "Maresua Deli-Grocery Store" located at 322-24 East 194th Street, in the County of Bronx, City and State of New York, the DEFENDANTS, their agents, servants and employees, particularly DEFENDANTS **"LIEUTENANT JOHN DOE #1", "POLICE OFFICERS JOHN DOE #6-11"** and **"POLICE OFFICER JANE DOE #1"**, wrongfully arrested and detained PLAINTIFF **JONNATAN REYES**, without any right or grounds therefore.

166.    Upon information and belief, that on or about the 16th day of July, 2004, the defendants wrongfully and falsely accused PLAINTIFF **JONNATAN REYES** of being in possession of illicit controlled substance and/or had knowledge of where there were illicit controlled substances within said premises.

167.    Upon information and belief, that the said arrest and detention was caused by the DEFENDANTS, their agents, servants and employees, without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that the PLAINTIFF **JONNATAN REYES**, was in guilty of such crimes.

168.    Upon information and belief, while the PLAINTIFF was so engaged in his legal activity, as aforesaid, the DEFENDANTS their servants and employees, wrongfully and unlawfully, against the PLAINTIFF's wish, without probable or reasonable cause, arrested and detained the PLAINTIFF and will full force of arms they forcibly seized, assaulted and laid hold of and compelled him to go into the aforesaid store and remain detained and imprisoned therein for two hours until such time as he was released.

169.    Upon information and belief, that the DEFENDANTS, their agents, servants and employer, acting as agents and on behalf of DEFENDANTS and within the scope of their