306.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #8",** was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK**.

307.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #9"**, was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK.**

308.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #10"**, was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK.**

309.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #11"**, was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK.**

310.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JANE DOE #1"**, was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK.**

311.    That during all times hereinafter mentioned, the DEFENDANTS, **"LIEUTENANT JOHN DOE #1"**, **"POLICE OFFICER JOHN DOE #6"**, **"POLICE OFFICER JOHN DOE #7"**, **"POLICE OFFICER JOHN DOE #8"**, **"POLICE OFFICER JOHN DOE #9**, **"POLICE OFFICER JOHN DOE #10**, **"POLICE OFFICER JOHN DOE #11** and **"POLICE OFFICER JANE DOE #1"** and each of them separately, and in concert acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of **THE CITY OF NEW YORK** and the DEFENDANTS here, separately and in concert, engaged in the illegal conduct

81

here mentioned to the injury of the PLAINTIFF **RAFAEL NIEVES**, and deprived PLAINTIFF, **RAFAEL NIEVES**, of the rights, privileges and immunities secured to PLAINTIFF **RAFAEL NIEVES** by the First and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

312.    The Police Officers of the DEFENDANT **THE CITY OF NEW YORK** and its individual members who are agents, servants and employees of DEFENDANTS, together with persons unknown to PLAINTIFF **RAFAEL NIEVES**, acting under color of law, have subjected PLAINTIFF **RAFAEL NIEVES**, and other persons to a pattern of conduct consisting of illegal harassment, assault and battery, false imprisonments and arrests and malicious prosecution at the time said persons are lawfully and properly on the public sidewalks partaking in peaceful demonstrations in the County of New York, City and State of New York, in denial of rights, privileges and immunities guaranteed PLAINTIFF, **RAFAEL NIEVES**, and other citizens by the Constitution of the United States.

313.    This systematic pattern of conduct consists of a large number of individual acts of force, intimidation, false arrest and false imprisonment visited on PLAINTIFF **RAFAEL NIEVES**, and other citizens by members of the police department of DEFENDANT **THE CITY OF NEW YORK**, acting in concert with persons unknown to PLAINTIFF, **RAFAEL NIEVES,** and under color of law and said acts, while carried out under color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

314.    Although DEFENDANTS knew or should have known of the fact that this pattern

82

of conduct was carried out by their agents, servants and employees, the DEFENDANT **THE CITY OF NEW YORK** has not taken any steps or made any efforts to halt this course of conduct, to make redress to the PLAINTIFF **RAFAEL NIEVES** or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

315. The unlawful and illegal conduct of the DEFENDANTS, their agents, servants and employees and each of them, deprived PLAINTIFF, **RAFAEL NIEVES**, of the following rights, privileges and immunities secured to him by the Constitution of the United and of the State of New York:

        a)    The right of PLAINTIFF, **RAFAEL NIEVES**, to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States; and,

        b)    The right of PLAINTIFF, **RAFAEL NIEVES**, to be informed of the nature and cause of the accusation against him as secured to him under the Sixth and Fourteenth Amendments of the Constitution of the United States; and,

        c)    The right of PLAINTIFF, **RAFAEL NIEVES**, not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

316. That by reason of the aforesaid violations, false arrest and false imprisonment, assault and battery caused by the DEFENDANTS, their agents, servants and employees who conspired together to enter into a nefarious scheme to wrongfully deprive the PLAINTIFF, **RAFAEL NIEVES**, and compel him to abandon his rights and privileges as provided by him in the Constitution of the United States of America, and provided by him in the Constitution of the United States of America, and provided him in the Constitution of the State of New York, and laws thereto,

the DEFENDANTS, their agents, servants and employees acted as persons who under color of any stature, ordinance, regulation, custom or usage of **THE CITY OF NEW YORK**, subjected or caused to be subjected, a citizen of the United States of America and of the State of New York; was subjected to great indignities and humiliation, and pain and distress of mind and body and was held up to scorn and ridicule, injured in his character and reputation, was prevented from attending his usual business and vocation and was injured in his reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging PLAINTIFF, **RAFAEL NIEVES.**

317.    That by reason of the aforesaid intentional assault and battery, the false arrest and false imprisonment and deprivation of his rights and liberties as guaranteed by the aforementioned constitutions, by the DEFENDANTS, their agents, servants and employees, acting within the scope of their authority, and without any probable cause or reasonable cause, the PLAINTIFF **RAFAEL NIEVES**, was subjected to great indignities and humiliation, and pain and distress of mind and body, and was held up to scorn and ridicule, injured in his character and reputation, was prevented from attending his usual business and vocation, was injured in his reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging the PLAINTIFF.

318.    That by reason of the aforesaid, PLAINTIFF, **RAFAEL NIEVES**, punitive damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

### AS AND FOR A TWENTY-FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS SONIA RIVERA, JONNATAN REYES, CHRISTOPHER RIVERA, ADA MORALES AND RAFAEL NIEVES

319.    PLAINTIFFS, **SONIA RIVERA, JONNATAN REYES, CHRISTOPHER**

**RIVERA, ADA MORALES** and **RAFAEL NIEVES** repeats, reiterates and realleges each and every allegation contained in paragraphs marked one through one hundred fifteen with the same force and effect as if more fully and at length set forth herein.

_____320.    That the DEFENDANT, **THE CITY OF NEW YORK**, was careless and reckless in hiring and retaining as an for its employee, the above named individual; in that the said DEFENDANT lacked the experience, deportment and ability to be employed by the DEFENDANT; in that the DEFENDANT failed to exercise due care and caution in its hiring practices, and in particular, in hiring the DEFENDANT employee who lacked the mental capacity and the ability to function as an employee of the aforementioned DEFENDANT; in that DEFENDANT, **THE CITY OF NEW YORK**, failed to investigate the above named DEFENDANT's background; in that the DEFENDANT lacked the maturity, sensibility and intelligence to be employed by the DEFENDANT; in that the DEFENDANT knew of the lack of ability, experience, deportment and maturity of said DEFENDANT employee when they hired them to be an employee; and, in that the DEFENDANTS, their agents, servants and employees were otherwise careless, negligent and reckless.

_____321.    That the aforesaid occurrence, to wit: the false arrest and imprisonment, assault and battery and the resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the DEFENDANT, its agents, servants and employees without any negligence on the part of the PLAINTIFFS, **SONIA RIVERA, JONNATAN REYES, CHRISTOPHER RIVERA, ADA MORALES** and **RAFAEL NIEVES.**

_____322.    That by reason of the aforesaid, the PLAINTIFFS, **SONIA RIVERA, JONNATAN REYES**, **CHRISTOPHER RIVERA, ADA MORALES** and **RAFAEL NIEVES** were injured in

mind and body, still suffer and upon information and belief, will continue to suffer mental pain, great indignities and humiliation foisted upon him by the actions of the DEFENDANTS, their agents, servants and employees, including counsel fees and disbursements, and; upon information and belief, will expend further sums in that direction, and the PLAINTIFFS, **SONIA RIVERA, JONNATAN REYES**, **CHRISTOPHER RIVERA, ADA MORALES** and **RAFAEL NIEVES** have been otherwise damaged.

323.    That by reason of the aforesaid, the PLAINTIFFS, **SONIA RIVERA, JONNATAN REYES**, **CHRISTOPHER RIVERA, ADA MORALES** and **RAFAEL NIEVES** have been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR THE TWENTY-FIFTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFFS SONIA RIVERA, JONNATAN REYES, CHRISTOPHER RIVERA, ADA MORALES AND RAFAEL NIEVES

324.    PLAINTIFFS, **SONIA RIVERA, JONNATAN REYES**, **CHRISTOPHER RIVERA, ADA MORALES** and **RAFAEL NIEVES** repeat, reiterates and realleges each and every allegation contained in paragraphs marked one through one hundred twenty with the same force and effect as if more fully and at length set forth herein.

325.    That the DEFENDANTS, their agents, servants and employees negligently, carelessly and recklessly failed to properly train and supervise their employees, in particular, the named DEFENDANTS, in that they failed to train their employees in the proper use of weapons and firearms; in the proper manner in which to conduct the common law of inquiry, stop and question of citizens, investigate allegations of suspected possession and sales of controlled substances, conduct a search of premises and seizure of personal property, questioning of citizens, processing

and invalidating arrests and to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonable, prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employer; and, in that the DEFENDANTS, their agents, servants and employees were otherwise reckless, careless and negligent.

_____326.    That the aforesaid occurrence, to wit: the false arrest and imprisonment, assault and battery and the resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the DEFENDANT, its agents, servants and employees without any negligence on the part of the PLAINTIFFS, **SONIA RIVERA, JONNATAN REYES**, **CHRISTOPHER RIVERA, ADA MORALES** and **RAFAEL NIEVES.**

327.    That by reason of the aforesaid, the PLAINTIFFS, **SONIA RIVERA, JONNATAN REYES**, **CHRISTOPHER RIVERA, ADA MORALES** and **RAFAEL NIEVES** were injured in mind and body, still suffers and upon information and belief, will continue to suffer due to the indignities and humiliation foisted upon him by the actions of the DEFENDANTS, their agents, servants and employees, and the PLAINTIFFS, **SONIA RIVERA, JONNATAN REYES**, **CHRISTOPHER RIVERA, ADA MORALES** and **RAFAEL NIEVES** have been otherwise damaged.

_____328.    That by reason of the aforesaid, the PLAINTIFFS, **SONIA RIVERA, JONNATAN REYES**, **CHRISTOPHER RIVERA, ADA MORALES** and **RAFAEL NIEVES** have been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

87

### AS AND FOR THE TWENTY-SIXTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFFS SONIA RIVERA, JONNATAN REYES, CHRISTOPHER RIVERA, ADA MORALES AND RAFAEL NIEVES

_____329.    PLAINTIFF, **SONIA RIVERA, JONNATAN REYES**, **CHRISTOPHER RIVERA, ADA MORALES** and **RAFAEL NIEVES** repeats, reiterates and realleges each and every allegation contained in paragraphs marked one through one hundred twenty five with the same force and effect as if more fully set forth herein.

330.    That the DEFENDANTS, its agents, servants and employees negligently, carelessly and recklessly performed their duties in that they failed to use such care in the performance of their police duties as a reasonably prudent and careful police officer would have used similar circumstances; in that they carelessly, recklessly and negligently arrested the PLAINTIFFS, **SONIA RIVERA, JONNATAN REYES**, **CHRISTOPHER RIVERA, ADA MORALES** and **RAFAEL NIEVES** without making a proper investigation; in that they were negligent, careless and reckless in the manner in which they operated,  conducted searches of PLAINTIFFS, **SONIA RIVERA, JONNATAN REYES**, **CHRISTOPHER RIVERA, ADA MORALES** and **RAFAEL NIEVES,** persons and PLAINTIFFS, **SONIA RIVERA, JONNATAN REYES**, **CHRISTOPHER RIVERA, ADA MORALES** and **RAFAEL NIEVES** premises and seizure of their personal property; that DEFENDANTS, their agents, servants and employees negligently, carelessly and recklessly without provocation and force; negligently handcuffed the PLAINTIFFS, **SONIA RIVERA, JONNATAN REYES**, **CHRISTOPHER RIVERA, ADA MORALES** and **RAFAEL NIEVES** , negligently, carelessly and recklessly used the threat of physical force; and in that the DEFENDANTS, their agents, servants and employees were otherwise careless, reckless and negligent.

_____331.    That the aforesaid occurrence, to wit: the false arrest and imprisonment, assault and

battery and the resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the DEFENDANTS, its agents, servants and employees without any negligence on the part of the PLAINTIFFS, **SONIA RIVERA, JONNATAN REYES**, **CHRISTOPHER RIVERA, ADA MORALES** and **RAFAEL NIEVES**.

332.    That by reason of the aforesaid, the PLAINTIFFS, **SONIA RIVERA, JONNATAN REYES**, **CHRISTOPHER RIVERA, ADA MORALES** and **RAFAEL NIEVES**, were injured in mind and body, still suffers and upon information and belief, will continue to suffer due to the indignities and humiliation foisted upon him by the actions of the DEFENDANTS, their agents, servants, and employees; and the PLAINTIFF, **SONIA RIVERA, JONNATAN REYES**, **CHRISTOPHER RIVERA, ADA MORALES** and **RAFAEL NIEVES**, have been otherwise damaged.

333.    That by reason of the aforesaid, the PLAINTIFFS, **SONIA RIVERA, JONNATAN REYES**, **CHRISTOPHER RIVERA, ADA MORALES** and **RAFAEL NIEVES**, have been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

### AS AND FOR A TWENTY-SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF SONIA RIVERA

334.    PLAINTIFF **SONIA RIVERA**, hereby incorporates by reference all of the allegations contained in paragraphs one through one hundred sixty six, with the same force and effect as if more fully and at length set forth herein.

335.    That on or about the 11th day of August, 2004, while PLAINTIFFS **SONIA RIVERA**, and **NORBERTO SEGUINOT** were lawfully and properly on the sidewalk or near premises known and designated as "194 Wash & Dry Laundromat" located at 322-24 East 194th Street, in the County

of Bronx, City and State of New York, the DEFENDANTS, their agents, servants and employees, particularly DEFENDANTS **"LIEUTENANT JOHN DOE #1", "POLICE OFFICERS JOHN DOE #6-11"** and **"POLICE OFFICER JANE DOE #1"**, disembarked from an unmarked motor vehicle (van) without just cause or provocation and with great force seized, assaulted and laid hold of PLAINTIFF **SONIA RIVERA** by unlawfully detaining, searching her person and causing handcuffs to be tightly placed upon her wrists behind her back.

336.    Upon information and belief, that the DEFENDANTS, their agents, servants and employer, acting as agents and on behalf of DEFENDANTS and within the scope of their employment, intentionally and willfully assaulted and battered PLAINTIFF **SONIA RIVERA** in that they had the real or apparent ability to cause imminent harm and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the PLAINTIFF and that act caused apprehension on such contact in the PLAINTIFF and DEFENDANTS in a hostile and/or offensive manner pointed their weapons, touched and forcefully grabbed and pushed PLAINTIFF **SONIA RIVERA**, without her consent and with intentions of causing harmful and offensive bodily contact to the PLAINTIFF by forcing her to remain handcuffed.

337.    Upon information and belief, that the DEFENDANTS, their agents, servants and employer, acting as agents and on behalf of DEFENDANTS and within the scope of their employment, intentionally and willfully assaulted and battered PLAINTIFF **SONIA RIVERA** in that they had the real or apparent ability to cause imminent harm and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the PLAINTIFF and that act caused apprehension on such contact in the PLAINTIFF and DEFENDANTS in a hostile and/or offensive manner pointed their weapons, touched and forcefully grabbed and pushed

90

PLAINTIFF **SONIA RIVERA**, without her consent and with intentions of causing harmful and offensive bodily contact to the PLAINTIFF by forcefully grabbing PLAINTIFF **SONIA RIVERA** by the arm, placing her in a police motor vehicle and removed her to the 52nd Police Precinct.

338.    Upon information and belief, that PLAINTIFF **SONIA RIVERA** was a lawful pedestrian at the time DEFENDANTS approached her on the street and was wholly innocent of any and all allegations of possessing, selling and/or knowing where illicit controlled substances were stored.

339.    That by reason of the aforesaid intentional assault and battery committed by the DEFENDANTS, their agents, employees and servants, acting within the scope of their authority, and without probable cause, the PLAINTIFF suffered great physical pain to her wrists, arms and back, was subjected to great indignation, humiliation and ridicule by members of her immediate community and caused to suffer mental anguish, anxiety attacks, conscious fear of police and that she has otherwise been damaged.

340.    That by reason of the aforesaid, the PLAINTIFF has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

### AS AND FOR A TWENTY-EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF SONIA RIVERA

341.    PLAINTIFF **SONIA RIVERA**, hereby incorporates by reference all of the allegations contained in paragraphs "One" through "One Hundred Seventy Three", with the same force and effect as if more fully and at length set forth herein.

342.    That on or about the 11th day of August, 2004, while PLAINTIFFS **SONIA RIVERA** and **NORBERTO SEGUINOT** were lawfully and properly on the sidewalk and near premises

91

known and designated as "194 Wash & Dry Laundromat" located at 322-24 East 194th Street, in the County of Bronx, City and State of New York, the DEFENDANTS, their agents, servants and employees, particularly DEFENDANTS **"LIEUTENANT JOHN DOE #1", "POLICE OFFICERS JOHN DOE #6-11"** and **"POLICE OFFICER JANE DOE #1"**, wrongfully arrested and detained PLAINTIFF **SONIA RIVERA**, without any right or grounds therefore.

343.    Upon information and belief, that on or about the 11th day of August, 2004, the DEFENDANTS wrongfully and falsely accused PLAINTIFF **SONIA RIVERA** of being in possession of illicit controlled substance and/or had knowledge of where there were illicit controlled substances stored.

344.    Upon information and belief, that the said arrest and detention was caused by the DEFENDANTS, their agents, servants  and employees, without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that the PLAINTIFF **SONIA RIVERA**, was in fact guilty of such crimes.

345.    Upon information and belief, while the PLAINTIFF was so engaged in her legal activity, as aforesaid, the DEFENDANTS their servants and employees, wrongfully and unlawfully, against the PLAINTIFF's wish, without probable or reasonable cause, and on the sole suspicion, then made, the PLAINTIFF **SONIA RIVERA** was in possession or knew the whereabouts of illicit controlled substances, arrested and detained the PLAINTIFF and will full force of arms they forcibly seized, assaulted and laid hold of and compelled her to go into a police motor vehicle and be transported to the 52nd Precinct where she remained detained and imprisoned therein for several hours until such time as she transported to Bronx Central Booking where she remained over night until such time she was released.

346.    Upon information and belief, that the DEFENDANTS, their agents, servants and employer, acting as agents and on behalf of DEFENDANTS and within the scope of their employment, detained and imprisoned PLAINTIFF **SONIA RIVERA** even though DEFENDANTS, their agents, servants and employees, had the opportunity to know or should have known that the matters hereinbefore alleged, wrongfully, unlawfully and without a sufficient charge having been made against the PLAINTIFF, directed that the PLAINTIFF be searched and placed in confinement at said location.

347.    That PLAINTIFF **SONIA RIVERA** was wholly innocent of the said suspicious criminal activity and did not contribute in any way to the conduct of the DEFENDANTS, their agents, servants and employees and was forced by the DEFENDANTS to submit to the aforesaid arrest and imprisonment thereto entirely against her will.

348.    That the DEFENDANTS, their agents, servants and employees acting under their employment, as set forth aforesaid on the aforementioned date, time and place, intended to confine PLAINTIFF **SONIA RIVERA**; in that the PLAINTIFF was conscious of the confinement; PLAINTIFF did not consent to the confinement; and that the confinement was not otherwise privileged.

349.    That by reason of the false arrest, imprisonment and detention of PLAINTIFF **SONIA RIVERA**, PLAINTIFF was subjected to great indignities, humiliation and ridicule in being so   detained, was then and there prevented and hindered from performing and transacting her necessary affairs and business and she was caused to suffer much pain to both mind and body.

350.    That by reason of the aforesaid, the PLAINTIFF has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR A TWENTY-NINTH CAUSE OF ACTION
## ON BEHALF OF SONIA RIVERA

351.    PLAINTIFF, **SONIA RIVERA**, repeats, reiterates and realleges each and every allegation contained in paragraphs marked one through one hundred forty five with the same force and effect as if more fully and at length set forth herein.

352.    That on or about the 11th day of August, 2004, while PLAINTIFFS **SONIA RIVERA** and **NORBERTO SEGUINOT** were lawfully and properly on the sidewalk and near premises known and designated as "194 Wash & Dry Laundromat" located at 322-24 East 194th Street, in the County of Bronx, City and State of New York,  more particularly on the public sidewalk thereat, at which time and place DEFENDANTS then and there were at as part of their regular and official employment as police officers for the DEFENDANT, **THE CITY OF NEW YORK**.

353.    As PLAINTIFF, **SONIA RIVERA**, was lawfully and properly thereat conversing with family and friends, the aforementioned police officers, who having the real and apparent ability to cause imminent harmful and offensive bodily contact and the power and authority to arrest and imprison the PLAINTIFF, **SONIA RIVERA**, did conduct these acts upon the PLAINTIFF, **SONIA RIVERA**, who, after continuing his lawful activity, was conversing with family and friends thereat on the aforementioned date and place and forcefully precipitated the PLAINTIFF, **SONIA RIVERA**.

354.    Immediately thereafter, aforementioned DEFENDANTS, their agents, servants and employees falsely arrested and imprisoned the PLAINTIFF, **SONIA RIVERA**, assaulted the PLAINTIFF, **SONIA RIVERA**, and deprived her of her rights and liberties as set forth in the Constitutions of the United States and of the State of New York, handcuffed her and threatened

PLAINTIFF, **SONIA RIVERA**, with the possible use of firearms and weapons and the use of

physical force; in that they continued to assault the PLAINTIFF, **SONIA RIVERA**, and to imprison

her without any conduct on the part of the PLAINTIFF, **SONIA RIVERA**, to so warrant; to wit:

a) in that all of the actions of the DEFENDANTS, their agents, servants and employees, were committed with the intention to cause bodily and mental injury to the PLAINTIFF, **SONIA RIVERA**, to arrest, restrain and imprison the PLAINTIFF, **SONIA RIVERA**, without his consent, the PLAINTIFF, **SONIA RIVERA**, was at all times conscious of her arrest, did not consent to the false arrest and the false arrest and imprisonments were not otherwise privileged; and,

b) the arrest and imprisonment were not justified by probable cause or other legal privilege; DEFENDANTS, their agents, servants and employees, acting under the color of statute, ordinances, regulations, customs and usages of the State, City and County of New York, and under the authority of their office as police officers for said City, falsely detained the PLAINTIFF, **SONIA RIVERA**, although the DEFENDANTS, acting in such capacity knew that such charges were false; and,

c) in that the DEFENDANTS, their agents, servants and employees caused an assault and battery hen they in a hostile and/or offensive manner threatened, touched and grabbed the PLAINTIFF, **SONIA RIVERA**, without his consent and with the intention of causing harmful and/or offensive bodily contact to the PLAINTIFF, **SONIA RIVERA**, all without warrant, probable cause or any lawful cause whatever; and,

d) that the DEFENDANTS, their agents, servants and employees failed to adequately and properly hire, retain, train, supervise, discipline or in any other way control the behavior and performance of the DEFENDANTS, their agents, servants and employees and in their hiring practices in the exercise of their police functions and their failure to enforce the laws of the State and City of New York is evidence of the reckless lack of cautious regard for the rights of the public including PLAINTIFF, **SONIA RIVERA**, and exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of the DEFENDANTS; and,

e)     the failure of the DEFENDANTS, their agents, servants and employees to hire, train supervise, discipline or in any other way control the DEFENDANTS, in the exercise of their functions and their failure to enforce the laws of the State of New York and the City of New York was and is carried out wilfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the State and City of New York including PLAINTIFF, **SONIA RIVERA**; and,

f)     due to the acts of the DEFENDANTS, their agents, servants and employees herein, the failure of the City of New York to discipline and properly hire the DEFENDANTS and the continued employment of the DEFENDANTS present a clear and present danger to the citizens of the City and State of New York; and,

g)     that the DEFENDANTS, their agents, servants and employees permitted the use of policy and/or drafted policy that was violative of the constitutional rights of the above named PLAINTIFF, **SONIA RIVERA**; and, in that each and all of the acts of the DEFENDANTS, their agents, servants and employees alleged herein were done not as individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, **THE CITY OF NEW YORK** and the County of New York, and under the authority of their office as police officers for said city and county.

355.     PLAINTIFF, **SONIA RIVERA**, did not commit any illegal act, either before or at the time she was falsely arrested and imprisoned, assaulted and battered, maliciously prosecuted and deprived of her constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. §1983 and the Constitution of the State of New York.

356.     As a direct result of the illegal actions and conduct on the part of the DEFENDANTS, their agents, servants and employees, PLAINTIFF, **SONIA RIVERA**, was falsely arrested and imprisoned, assaulted and battered.

357.     That at all times hereinafter mentioned, the DEFENDANTS were employed in their

96

respective capacities by the DEFENDANT **THE CITY OF NEW YORK** and were acting under the color of the polices, statutes, ordinances, rules and regulations of **THE CITY OF NEW YORK**.

358.    That at all times hereinafter mentioned, DEFENDANT, **"LIEUTENANT JOHN DOE #1",** was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK**.

359.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #6",** was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK**.

360.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #7",** was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK**.

361.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #8",** was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK**.

362.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #9"**, was acting pursuant to order directives from Defendant **THE CITY OF NEW YORK**.

363.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #10"**, was acting pursuant to order directives from Defendant **THE CITY OF NEW YORK**.

364.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #11"**, was acting pursuant to order directives from Defendant **THE CITY OF NEW**

97

**YORK**.

365.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JANE DOE #1"**, was acting pursuant to order directives from Defendant **THE CITY OF NEW YORK**.

366.    That during all times hereinafter mentioned, the DEFENDANTS, **"LIEUTENANT JOHN DOE #1"**, **"POLICE OFFICER JOHN DOE #6"**, **"POLICE OFFICER JOHN DOE #7"**, **"POLICE OFFICER JOHN DOE #8**, **"POLICE OFFICER JOHN DOE #9"**, **"POLICE OFFICER JOHN DOE #10**, **"POLICE OFFICER JOHN DOE #11"** and **"POLICE OFFICER JANE DOE #1"** and each of them separately, and in concert acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of **THE CITY OF NEW YORK** and the DEFENDANTS here, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the PLAINTIFF **SONIA RIVERA**, and deprived PLAINTIFF, **SONIA RIVERA**, of the rights, privileges and immunities secured to PLAINTIFF **SONIA RIVERA** by the First and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

367.    The Police Officers of the DEFENDANT **THE CITY OF NEW YORK** and its individual members who are agents, servants and employees of DEFENDANTS, together with persons unknown to PLAINTIFF **SONIA RIVERA**, acting under color of law, have subjected PLAINTIFF **SONIA RIVERA**, and other persons to a pattern of conduct consisting of illegal harassment, assault and battery, false imprisonments and arrests and malicious prosecution at the time said persons are lawfully and properly on the public sidewalks partaking in peaceful demonstrations in the County of New York, City and State of New York, in denial of rights,

98

privileges and immunities guaranteed PLAINTIFF, **SONIA RIVERA**, and other citizens by the Constitution of the United States.

368.    This systematic pattern of conduct consists of a large number of individual acts of force, intimidation, false arrest and false imprisonment visited on PLAINTIFF **SONIA RIVERA**, and other citizens by members of the police department of DEFENDANT **THE CITY OF NEW YORK**, acting in concert with persons unknown to PLAINTIFF, **SONIA RIVERA,** and under color of law and said acts, while carried out under color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

369.    Although DEFENDANTS knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and employees, the DEFENDANT **THE CITY OF NEW YORK** has not taken any steps or made any efforts to halt this course of conduct, to make redress to the PLAINTIFF **SONIA RIVERA** or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

370.    The unlawful and illegal conduct of the DEFENDANTS, their agents, servants and employees and each of them, deprived PLAINTIFF, **SONIA RIVERA**, of the following rights, privileges and immunities secured to him by the Constitution of the United and of the State of New York:

a)    The right of PLAINTIFF, **SONIA RIVERA**, to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States; and,

b)    The right of PLAINTIFF, **SONIA RIVERA**, to be informed of the nature and cause of the accusation against him as secured to him

99

under the Sixth and Fourteenth Amendments of the Constitution of the United States; and,

c)    The right of PLAINTIFF, **SONIA RIVERA**, not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

371.    That by reason of the aforesaid violations, false arrest and false imprisonment, assault and battery caused by the DEFENDANTS, their agents, servants and employees who conspired together to enter into a nefarious scheme to wrongfully deprive the PLAINTIFF, **SONIA RIVERA**, and compel her to abandon her rights and privileges as provided by her in the Constitution of the United States of America, and provided by her in the Constitution of the United States of America, and provided her in the Constitution of the State of New York, and laws thereto, the DEFENDANTS, their agents, servants and employees acted as persons who under color of any stature, ordinance, regulation, custom or usage of **THE CITY OF NEW YORK**, subjected or caused to be subjected, a citizen of the United States of America and of the State of New York; was subjected to great indignities and humiliation, and pain and distress of mind and body and was held up to scorn and ridicule, injured in her character and reputation, was prevented from attending her usual business and vocation and was injured in her reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging PLAINTIFF, **SONIA RIVERA.**

372.    That by reason of the aforesaid intentional assault and battery, the false arrest and false imprisonment and deprivation of his rights and liberties as guaranteed by the aforementioned constitutions, by the DEFENDANTS, their agents, servants and employees, acting within the scope of their authority, and without any probable cause or reasonable cause, the PLAINTIFF **SONIA**

**RIVERA**, was subjected to great indignities and humiliation, and pain and distress of mind and body, and was held up to scorn and ridicule, injured in his character and reputation, was prevented from attending his usual business and vocation, was injured in his reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging the PLAINTIFF.

373.    That by reason of the aforesaid, PLAINTIFF, **SONIA RIVERA**, punitive damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A THIRTIETH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF NORBERTO SEGUINOT

374.    PLAINTIFF NOBERTO SEGUINOT, hereby incorporates by reference all of the allegations contained in paragraphs one through one hundred eighty three, with the same force and effect as if more fully and at length set forth herein.

375.    That on or about the 11th day of August, 2004, while PLAINTIFFS **SONIA RIVERA**, and **NORBERTO SEGUINOT** were lawfully and properly on the sidewalk or near premises known and designated as "194 Wash & Dry Laundromat" located at 322-24 East 194th Street, in the County of Bronx, City and State of New York, the DEFENDANTS, their agents, servants and employees, particularly DEFENDANTS **"LIEUTENANT JOHN DOE #1",** **"POLICE OFFICERS JOHN DOE #6-11"** and **"POLICE OFFICER JANE DOE #1"**, disembarked from an unmarked motor vehicle (van) without just cause or provocation and with great force seized, assaulted and laid hold of PLAINTIFF **NOBERTO SEGUINOT** by unlawfully detaining, searching his person and causing handcuffs to be tightly placed upon his wrists behind his back.

376.    Upon information and belief, that the DEFENDANTS, their agents, servants and employer, acting as agents and on behalf of DEFENDANTS and within the scope of their employment, intentionally and willfully assaulted and battered PLAINTIFF **NOBERTO SEGUINOT** in that they had the real or apparent ability to cause imminent harm and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the PLAINTIFF **NOBERTO SEGUINOT** and that act caused apprehension on such contact in the PLAINTIFF and DEFENDANTS in a hostile and/or offensive manner pointed their weapons, touched and forcefully grabbed and pushed PLAINTIFF **NOBERTO SEGUINOT**, without his consent and with intentions of causing harmful and offensive bodily contact to the PLAINTIFF by forcing her to remain handcuffed.

377.    Upon information and belief, that the DEFENDANTS, their agents, servants and employer, acting as agents and on behalf of DEFENDANTS and within the scope of their employment, intentionally and willfully assaulted and battered PLAINTIFF **NOBERTO SEGUINOT** in that they had the real or apparent ability to cause imminent harm and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the PLAINTIFF and that act caused apprehension on such contact in the PLAINTIFF and DEFENDANTS in a hostile and/or offensive manner pointed their weapons, touched and forcefully grabbed and pushed PLAINTIFF **NOBERTO SEGUINOT**, without his consent and with intentions of causing harmful and offensive bodily contact to the PLAINTIFF by forcefully grabbing PLAINTIFF **NOBERTO SEGUINOT** by the arm, placing her in a police motor vehicle and removed her to the 52nd Police Precinct.

378.    Upon information and belief, that PLAINTIFF **NOBERTO SEGUINOT** was a

102

lawful pedestrian at the time DEFENDANTS approached him on the street and was wholly innocent of any and all allegations of possessing, selling and/or knowing where illicit controlled substances were stored.

379.    That by reason of the aforesaid intentional assault and battery committed by the DEFENDANTS, their agents, employees and servants, acting within the scope of their authority, and without probable cause, the PLAINTIFF suffered great physical pain to his wrists, arms and back, was subjected to great indignation, humiliation and ridicule by members of his immediate community and caused to suffer mental anguish, anxiety attacks, conscious fear of police and that he has otherwise been damaged.

380.    That by reason of the aforesaid, the PLAINTIFF **NOBERTO SEGUINOT** has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

### AS AND FOR A THIRTY-FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF NORBERTO SEGUINOT

381.    PLAINTIFF **NOBERTO SEGUINOT**, hereby incorporates by reference all of the allegations contained in paragraphs "One" through "One Hundred Ninety", with the same force and effect as if more fully and at length set forth herein.

382.    That on or about the 11th day of August, 2004, while PLAINTIFFS **SONIA RIVERA** and **NORBERTO SEGUINOT** were lawfully and properly on the sidewalk and near premises known and designated as "194 Wash & Dry Laundromat" located at 322-24 East 194th Street, in the County of Bronx, City and State of New York, the DEFENDANTS, their agents, servants and employees, particularly DEFENDANTS "LIEUTENANT JOHN DOE #1", "POLICE OFFICERS JOHN DOE #6-11" and "POLICE OFFICER JANE DOE #1", wrongfully arrested and

103

detained PLAINTIFF **NOBERTO SEGUINOT**, without any right or grounds therefore.

383.    Upon information and belief, that on or about the 11th day of August, 2004, the defendants wrongfully and falsely accused PLAINTIFF **NOBERTO SEGUINOT** of being in possession of illicit controlled substance and/or had knowledge of where there were illicit controlled substances stored.

384.    Upon information and belief, that the said arrest and detention was caused by the DEFENDANTS, their agents, servants and employees, without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that the PLAINTIFF **NOBERTO SEGUINOT**, was in fact guilty of such crimes.

385.    Upon information and belief, while the PLAINTIFF was so engaged in his legal activity, as aforesaid, the DEFENDANTS their servants and employees, wrongfully and unlawfully, against the PLAINTIFF's wish, without probable or reasonable cause, arrested and detained the plaintiff and will full force of arms they forcibly seized, assaulted and laid hold of and compelled him to go into a police motor vehicle and be transported to the 52nd Precinct where he remained detained and imprisoned therein for several hours until such time as he transported to Bronx Central Booking where he remained over night until such time he was released.

386.    Upon information and belief, that the DEFENDANTS, their agents, servants and employer, acting as agents and on behalf of DEFENDANTS and within the scope of their employment, detained and imprisoned PLAINTIFF **NOBERTO SEGUINOT** even though DEFENDANTS, their agents, servants and employees, had the opportunity to know or should have known that the matters hereinbefore alleged, wrongfully, unlawfully and without a sufficient charge having been made against the PLAINTIFF, directed that the PLAINTIFF be searched and placed in

104

confinement at said location.

387.    That PLAINTIFF **NOBERTO SEGUINOT** was wholly innocent of the said suspicious criminal activity and did not contribute in any way to the conduct of the DEFENDANTS, their agents, servants and employees and was forced by the defendants to submit to the aforesaid arrest and imprisonment thereto entirely against his will.

388.    That the DEFENDANTS, their agents, servants and employees acting under their employment, as set forth aforesaid on the aforementioned date, time and place, intended to confine PLAINTIFF **NOBERTO SEGUINOT**; in that the PLAINTIFF was conscious of the confinement; PLAINTIFF did not consent to the confinement; and that the confinement was not otherwise privileged.

389.    That by reason of the false arrest, imprisonment and detention of PLAINTIFF **NOBERTO SEGUINOT**, PLAINTIFF was subjected to great indignities, humiliation and ridicule in being so  detained, was then and there prevented and hindered from performing and transacting his necessary affairs and business and he was caused to suffer much pain to both mind and body.

390.    That by reason of the aforesaid, the PLAINTIFF **NOBERTO SEGUINOT** has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

### AS AND FOR THE THIRTY-SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF NORBERTO SEGUINOT

391.    PLAINTIFF, **NORBERTO SEGUINOT**, repeats, reiterates and realleges each and every allegation contained in paragraphs marked one through one hundred forty five with the same force and effect as if more fully and at length set forth herein.

392.    That on or about the 11th day of August, 2004, while PLAINTIFFS **SONIA RIVERA**

and **NORBERTO SEGUINOT** were lawfully and properly on the sidewalk and near premises known and designated as "194 Wash & Dry Laundromat" located at 322-24 East 194th Street, in the County of Bronx, City and State of New York,  more particularly on the public sidewalk thereat, at which time and place DEFENDANTS then and there were at as part of their regular and official employment as police officers for the DEFENDANT, **THE CITY OF NEW YORK**.

393.    As PLAINTIFF, **NORBERTO SEGUINOT**, was lawfully and properly thereat conversing with family and friends, the aforementioned police officers, who having the real and apparent ability to cause imminent harmful and offensive bodily contact and the power and authority to arrest and imprison the PLAINTIFF, **NORBERTO SEGUINOT**, did conduct these acts upon the PLAINTIFF, **NORBERTO SEGUINOT**, who, after continuing his lawful activity, was conversing with family and friends thereat on the aforementioned date and place and forcefully precipitated the PLAINTIFF, **NORBERTO SEGUINOT**.

395.    Immediately thereafter, aforementioned DEFENDANTS, their agents, servants and employees falsely arrested and imprisoned the PLAINTIFF, **NORBERTO SEGUINOT**, assaulted the PLAINTIFF, **NORBERTO SEGUINOT**, and deprived him of his rights and liberties as set forth in the Constitutions of the United States and of the State of New York, handcuffed him and threatened PLAINTIFF, **NORBERTO SEGUINOT**, with the possible use of firearms and weapons and the use of physical force; in that they continued to assault the PLAINTIFF, **NORBERTO SEGUINOT**, and to imprison him without any conduct on the part of the PLAINTIFF, **NORBERTO SEGUINOT**, to so warrant; to wit:

a)    in that all of the actions of the DEFENDANTS, their agents, servants and employees, were committed with the intention to cause bodily and mental injury to the PLAINTIFF, **NORBERTO SEGUINOT**, to

106

arrest, restrain and imprison the PLAINTIFF, **NORBERTO SEGUINOT**, without his consent, the PLAINTIFF, **NORBERTO SEGUINOT**, was at all times conscious of his arrest, did not consent to the false arrest and the false arrest and imprisonments were not otherwise privileged; and,

b)  the arrest and imprisonment were not justified by probable cause or other legal privilege; DEFENDANTS, their agents, servants and employees, acting under the color of statute, ordinances, regulations, customs and usages of the State, City and County of New York, and under the authority of their office as police officers for said City, falsely detained the PLAINTIFF, **NORBERTO SEGUINOT**, although the DEFENDANTS, acting in such capacity knew that such charges were false; and,

c)  in that the DEFENDANTS, their agents, servants and employees caused an assault and battery hen they in a hostile and/or offensive manner threatened, touched and grabbed the PLAINTIFF, **NORBERTO SEGUINOT**, without his consent and with the intention of causing harmful and/or offensive bodily contact to the PLAINTIFF, **NORBERTO SEGUINOT**, all without warrant, probable cause or any lawful cause whatever; and,

d)  that the DEFENDANTS, their agents, servants and employees failed to adequately and properly hire, retain, train, supervise, discipline or in any other way control the behavior and performance of the DEFENDANTS, their agents, servants and employees and in their hiring practices in the exercise of their police functions and their failure to enforce the laws of the State and City of New York is evidence of the reckless lack of cautious regard for the rights of the public including PLAINTIFF, **NORBERTO SEGUINOT**, and exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of the DEFENDANTS; and,

e)  the failure of the DEFENDANTS, their agents, servants and employees to hire, train supervise, discipline or in any other way control the DEFENDANTS, in the exercise of their functions and their failure to enforce the laws of the State of New York and the City of New York was and is carried out wilfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the State and City of New York including PLAINTIFF,

107

**NORBERTO SEGUINOT**; and,

f)     due to the acts of the DEFENDANTS, their agents, servants and employees herein, the failure of the City of New York to discipline and properly hire the DEFENDANTS and the continued employment of the DEFENDANTS present a clear and present danger to the citizens of the City and State of New York; and,

g)     that the DEFENDANTS, their agents, servants and employees permitted the use of policy and/or drafted policy that was violative of the constitutional rights of the above named PLAINTIFF, **NORBERTO SEGUINOT**; and, in that each and all of the acts of the DEFENDANTS, their agents, servants and employees alleged herein were done not as individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, **THE CITY OF NEW YORK** and the County of New York, and under the authority of their office as police officers for said city and county.

396.    PLAINTIFF, **NORBERTO SEGUINOT**, did not commit any illegal act, either before or at the time he was falsely arrested and imprisoned, assaulted and battered, maliciously prosecuted and deprived of his constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. §1983 and the Constitution of the State of New York.

397.    As a direct result of the illegal actions and conduct on the part of the DEFENDANTS, their agents, servants and employees, PLAINTIFF, **NORBERTO SEGUINOT**, was falsely arrested and imprisoned, assaulted and battered.

398.    That at all times hereinafter mentioned, the DEFENDANTS were employed in their respective capacities by the DEFENDANT **THE CITY OF NEW YORK** and were acting under the color of the polices, statutes, ordinances, rules and regulations of **THE CITY OF NEW YORK**.

399.    That at all times hereinafter mentioned, DEFENDANT, **"LIEUTENANT JOHN DOE #1",** was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW**

YORK._____

_____400.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #6",** was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK.**_____

401.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #7",** was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK**.

402.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #8",** was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK**.

403.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #9"**, was acting pursuant to order directives from Defendant **THE CITY OF NEW YORK**.

404.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #10"**, was acting pursuant to order directives from Defendant **THE CITY OF NEW YORK**.

405.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #11"**, was acting pursuant to order directives from Defendant **THE CITY OF NEW YORK**.

406.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JANE DOE #1"**, was acting pursuant to order directives from Defendant **THE CITY OF NEW YORK**.

109

407.    That during all times hereinafter mentioned, the DEFENDANTS, **"LIEUTENANT JOHN DOE #1"**, **"POLICE OFFICER JOHN DOE #6"**, **"POLICE OFFICER JOHN DOE #7"**, **"POLICE OFFICER JOHN DOE #8**, **"POLICE OFFICER JOHN DOE #9"**, **"POLICE OFFICER JOHN DOE #10**, **"POLICE OFFICER JOHN DOE #11"** and **"POLICE OFFICER JANE DOE #1"** and each of them separately, and in concert acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of **THE CITY OF NEW YORK** and the DEFENDANTS here, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the PLAINTIFF **NORBERTO SEGUINOT**, and deprived PLAINTIFF, **NORBERTO SEGUINOT**, of the rights, privileges and immunities secured to PLAINTIFF **NORBERTO SEGUINOT** by the First and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

408.    The Police Officers of the DEFENDANT **THE CITY OF NEW YORK** and its individual members who are agents, servants and employees of DEFENDANTS, together with persons unknown to PLAINTIFF **NORBERTO SEGUINOT**, acting under color of law, have subjected PLAINTIFF **NORBERTO SEGUINOT**, and other persons to a pattern of conduct consisting of illegal harassment, assault and battery, false imprisonments and arrests and malicious prosecution at the time said persons are lawfully and properly on the public sidewalks partaking in peaceful demonstrations in the County of New York, City and State of New York, in denial of rights, privileges and immunities guaranteed PLAINTIFF, **NORBERTO SEGUINOT**, and other citizens by the Constitution of the United States.

409.    This systematic pattern of conduct consists of a large number of individual acts of force, intimidation, false arrest and false imprisonment visited on PLAINTIFF **NORBERTO**

**SEGUINOT**, and other citizens by members of the police department of DEFENDANT **THE CITY OF NEW YORK**, acting in concert with persons unknown to PLAINTIFF, **NORBERTO SEGUINOT,** and under color of law and said acts, while carried out under color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

410.   Although DEFENDANTS knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and employees, the DEFENDANT **THE CITY OF NEW YORK** has not taken any steps or made any efforts to halt this course of conduct, to make redress to the PLAINTIFF **NORBERTO SEGUINOT** or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

411.   The unlawful and illegal conduct of the DEFENDANTS, their agents, servants and employees and each of them, deprived PLAINTIFF, **NORBERTO SEGUINOT**, of the following rights, privileges and immunities secured to him by the Constitution of the United and of the State of New York:

a)    The right of PLAINTIFF, **NORBERTO SEGUINOT**, to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States; and,

b)    The right of PLAINTIFF, **NORBERTO SEGUINOT**, to be informed of the nature and cause of the accusation against him as secured to him under the Sixth and Fourteenth Amendments of the Constitution of the United States; and,

c)    The right of PLAINTIFF, **NORBERTO SEGUINOT**, not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth

111

Amendment to the Constitution of the United States.

412.    That by reason of the aforesaid violations, false arrest and false imprisonment, assault and battery caused by the DEFENDANTS, their agents, servants and employees who conspired together to enter into a nefarious scheme to wrongfully deprive the PLAINTIFF, **NORBERTO SEGUINOT**, and compel her to abandon her rights and privileges as provided by her in the Constitution of the United States of America, and provided by her in the Constitution of the United States of America, and provided her in the Constitution of the State of New York, and laws thereto, the DEFENDANTS, their agents, servants and employees acted as persons who under color of any stature, ordinance, regulation, custom or usage of **THE CITY OF NEW YORK**, subjected or caused to be subjected, a citizen of the United States of America and of the State of New York; was subjected to great indignities and humiliation, and pain and distress of mind and body and was held up to scorn and ridicule, injured in her character and reputation, was prevented from attending her usual business and vocation and was injured in her reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging PLAINTIFF, **NORBERTO SEGUINOT.**

413.    That by reason of the aforesaid intentional assault and battery, the false arrest and false imprisonment and deprivation of his rights and liberties as guaranteed by the aforementioned constitutions, by the DEFENDANTS, their agents, servants and employees, acting within the scope of their authority, and without any probable cause or reasonable cause, the PLAINTIFF **NORBERTO SEGUINOT**, was subjected to great indignities and humiliation, and pain and distress of mind and body, and was held up to scorn and ridicule, injured in his character and reputation, was prevented from attending his usual business and vocation, was injured in his reputation in the

community and the acts aforementioned were committed with the aim of injuring and damaging the PLAINTIFF.

414.    That by reason of the aforesaid, PLAINTIFF, **NORBERTO SEGUINOT**, punitive damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

### AS AND FOR THE THIRTY-THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFFS SONIA RIVERA AND NORBERTO SEGUINOT

415.    PLAINTIFFS, **SONIA RIVERA** and **NORBERTO SEGUINOT** repeats, reiterates and realleges each and every allegation contained in paragraphs marked one through one hundred fifteen with the same force and effect as if more fully and at length set forth herein.

416.    That the DEFENDANT, **THE CITY OF NEW YORK**, was careless and reckless in hiring and retaining as an for its employee, the above named individual; in that the said DEFENDANT lacked the experience, deportment and ability to be employed by the DEFENDANT; in that the DEFENDANT failed to exercise due care and caution in its hiring practices, and in particular, in hiring the DEFENDANT employee who lacked the mental capacity and the ability to function as an employee of the aforementioned DEFENDANT; in that DEFENDANT, **THE CITY OF NEW YORK**, failed to investigate the above named DEFENDANT's background; in that the DEFENDANT lacked the maturity, sensibility and intelligence to be employed by the DEFENDANT; in that the DEFENDANT knew of the lack of ability, experience, deportment and maturity of said DEFENDANT employee when they hired them to be an employee; and, in that the DEFENDANTS, their agents, servants and employees were otherwise careless, negligent and reckless.

417.    That the aforesaid occurrence, to wit: the false arrest and imprisonment, assault and

113

battery and the resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the DEFENDANT, its agents, servants and employees without any negligence on the part of the PLAINTIFFS, **SONIA RIVERA** and **NORBERTO SEGUINOT.**

418. That by reason of the aforesaid, the PLAINTIFFS, **SONIA RIVERA** and **NORBERTO SEGUINOT** were injured in mind and body, still suffer and upon information and belief, will continue to suffer mental pain, great indignities and humiliation foisted upon him by the actions of the DEFENDANTS, their agents, servants and employees, including counsel fees and disbursements, and; upon information and belief, will expend further sums in that direction, and the PLAINTIFFS, **SONIA RIVERA** and **NORBERTO SEGUINOT** have been otherwise damaged.

419. That by reason of the aforesaid, the PLAINTIFFS, **SONIA RIVERA** and **NORBERTO SEGUINOT** have been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR THE THIRTY FOURTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFFS SONIA RIVERA AND NORBERTO SEGUINOT

420. PLAINTIFFS, **SONIA RIVERA** and **NORBERTO SEGUINOT** repeat, reiterates and realleges each and every allegation contained in paragraphs marked one through one hundred twenty with the same force and effect as if more fully and at length set forth herein.

421. That the DEFENDANTS, their agents, servants and employees negligently, carelessly and recklessly failed to properly train and supervise their employees, in particular, the named DEFENDANTS, in that they failed to train their employees in the proper use of weapons and firearms; in the proper manner in which to conduct the common law of inquiry, stop and question of citizens, investigate allegations of suspected possession and sales of controlled substances,

conduct a search of premises and seizure of personal property, questioning of citizens, processing and invalidating arrests and to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonable, prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employer; and, in that the DEFENDANTS, their agents, servants and employees were otherwise reckless, careless and negligent.

422. That the aforesaid occurrence, to wit: the false arrest and imprisonment, assault and battery and the resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the DEFENDANT, its agents, servants and employees without any negligence on the part of the PLAINTIFFS, **SONIA RIVERA** and **NORBERTO SEGUINOT.**

423. That by reason of the aforesaid, the PLAINTIFFS, **SONIA RIVERA** and **NORBERTO SEGUINOT** were injured in mind and body, still suffers and upon information and belief, will continue to suffer due to the indignities and humiliation foisted upon him by the actions of the DEFENDANTS, their agents, servants and employees, and the PLAINTIFFS, **SONIA RIVERA** and **NORBERTO SEGUINOT** have been otherwise damaged.

424. That by reason of the aforesaid, the PLAINTIFFS, **SONIA RIVERA** and **NORBERTO SEGUINOT** have been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR THE THIRTY-FIFTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFFS SONIA RIVERA AND NORBERTO SEGUINOT

425. PLAINTIFF, **SONIA RIVERA** and **NORBERTO SEGUINOT** repeats, reiterates and realleges each and every allegation contained in paragraphs marked one through one hundred

115

twenty five with the same force and effect as if more fully set forth herein.

426.    That the DEFENDANTS, its agents, servants and employees negligently, carelessly and recklessly performed their duties in that they failed to use such care in the performance of their police duties as a reasonably prudent and careful police officer would have used similar circumstances; in that they carelessly, recklessly and negligently arrested the PLAINTIFFS, **SONIA RIVERA** and **NORBERTO SEGUINOT** without making a proper investigation; in that they were negligent, careless and reckless in the manner in which they operated,  conducted searches of PLAINTIFFS, **SONIA RIVERA** and **NORBERTO SEGUINOT,** persons and PLAINTIFFS, **SONIA RIVERA** and **NORBERTO SEGUINOT** premises and seizure of their personal property; that DEFENDANTS, their agents, servants and employees negligently, carelessly and recklessly without provocation and force; negligently handcuffed the PLAINTIFFS, **SONIA RIVERA** and **NORBERTO SEGUINOT**, negligently, carelessly and recklessly used the threat of physical force; and in that the DEFENDANTS, their agents, servants and employees were otherwise careless, reckless and negligent.

427.    That the aforesaid occurrence, to wit: the false arrest and imprisonment, assault and battery and the resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the DEFENDANTS, its agents, servants and employees without any negligence on the part of the PLAINTIFFS, **SONIA RIVERA** and **NORBERTO SEGUINOT**.

428.    That by reason of the aforesaid, the PLAINTIFFS, **SONIA RIVERA** and **NORBERTO SEGUINOT**, were injured in mind and body, still suffers and upon information and belief, will continue to suffer due to the indignities and humiliation foisted upon him by the actions of the DEFENDANTS, their agents, servants, and employees; and the PLAINTIFF, **SONIA**

116

**RIVERA** and **NORBERTO SEGUINOT**, have been otherwise damaged.

429.    That by reason of the aforesaid, the PLAINTIFFS, **SONIA RIVERA** and

**NORBERTO SEGUINOT**, have been damaged in the sum of ONE MILLION ($1,000,000.00)

DOLLARS.

<h2 align="center"><u>JURY DEMAND</u></h2>

430.    Plaintiffs demand trial by jury

DATED:      June 25, 2007

 _____
             PETER R. SHIPMAN, ESQ.
             CODELIA & SOCORRO, P.C.
             Attorneys for Plaintiffs
             1967 Turnbull Avenue, Suite 6
             Bronx, New York 10473
             (718) 931-2575

117