employment, detained and imprisoned PLAINTIFF **JONNATAN REYES** even though DEFENDANTS, their agents, servants and employees, had the opportunity to know or should have known that the matters hereinbefore alleged, wrongfully, unlawfully and without a sufficient charge having been made against the PLAINTIFF directed that the PLAINTIFF be searched and placed in confinement at said location.

170.    That PLAINTIFF **JONNATAN REYES** was wholly innocent of the said suspicious criminal activity and did not contribute in any way to the conduct of the DEFENDANTS, their agents, servants and employees and was forced by the defendants to submit to the aforesaid arrest and imprisonment thereto entirely against his will.

171.    That the DEFENDANTS, their agents, servants and employees acting under their employment, as set forth aforesaid on the aforementioned date, time and place, intended to confine PLAINTIFF **JONNATAN REYES**; in that the PLAINTIFF was conscious of the confinement; PLAINTIFF did not consent to the confinement; and that the confinement was not otherwise privileged.

172.    That by reason of the false arrest, imprisonment and detention of PLAINTIFF **JONNATAN REYES**, PLAINTIFF was subjected to great indignities, humiliation and ridicule in being so detained, was then and there prevented and hindered from performing and transacting his necessary affairs and business and he was caused to suffer much pain to both mind and body.

173.    That by reason of the aforesaid, the PLAINTIFF **JONNATAN REYES** has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF JONNATAN REYES

174.    PLAINTIFF, **JONNATAN REYES**, repeats, reiterates and realleges each and every allegation contained in paragraphs marked one through one hundred eighty five with the same force and effect as if more fully and at length set forth herein.

175.    That on or about the 16th day of July, 2004, PLAINTIFF, **JONNATAN REYES**, was lawfully and properly at or near premises known and designated as "Maresua Deli-Grocery Store" located at 322-24 East 194th Street, in the County of Bronx, City and State of New York, at which time and place DEFENDANTS then and there were at as part of their regular and official employment as police officers for the DEFENDANT, **THE CITY OF NEW YORK**.

176.    As PLAINTIFF, **JONNATAN REYES**, was lawfully and properly thereat conversing with family and friends, the aforementioned police officers, who having the real and apparent ability to cause imminent harmful and offensive bodily contact and the power and authority to arrest and imprison the PLAINTIFF, **JONNATAN REYES**, did conduct these acts upon the PLAINTIFF, **JONNATAN REYES**, who, after continuing his lawful activity, was conversing with family and friends thereat on the aforementioned date and place and forcefully precipitated the PLAINTIFF, **JONNATAN REYES**.

177.    Immediately thereafter, aforementioned DEFENDANTS, their agents, servants and employees falsely arrested and imprisoned the PLAINTIFF, **JONNATAN REYES**, assaulted the PLAINTIFF, **JONNATAN REYES**, and deprived him of his rights and liberties as set forth in the Constitutions of the United States and of the State of New York, handcuffed him and threatened PLAINTIFF, **JONNATAN REYES**, with the possible use of firearms and weapons and the use of

42

physical force; in that they continued to assault the PLAINTIFF, **JONNATAN REYES**, and to imprison him without any conduct on the part of the PLAINTIFF, **JONNATAN REYES**, to so warrant; to wit:

a)    in that all of the actions of the DEFENDANTS, their agents, servants and employees, were committed with the intention to cause bodily and mental injury to the PLAINTIFF, **JONNATAN REYES**, to arrest, restrain and imprison the PLAINTIFF, **JONNATAN REYES**, without his consent, the PLAINTIFF, **JONNATAN REYES**, was at all times conscious of his arrest, did not consent to the false arrest and the false arrest and imprisonments were not otherwise privileged; and,

b)    the arrest and imprisonment were not justified by probable cause or other legal privilege; DEFENDANTS, their agents, servants and employees, acting under the color of statute, ordinances, regulations, customs and usages of the State, City and County of New York, and under the authority of their office as police officers for said City, falsely detained the PLAINTIFF, **JONNATAN REYES**, although the DEFENDANTS, acting in such capacity knew that such charges were false; and,

c)    in that the DEFENDANTS, their agents, servants and employees caused an assault and battery hen they in a hostile and/or offensive manner threatened, touched and grabbed the PLAINTIFF, **JONNATAN REYES**, without his consent and with the intention of causing harmful and/or offensive bodily contact to the PLAINTIFF, **JONNATAN REYES**, all without warrant, probable cause or any lawful cause whatever; and,

d)    that the DEFENDANTS, their agents, servants and employees failed to adequately and properly hire, retain, train, supervise, discipline or in any other way control the behavior and performance of the DEFENDANTS, their agents, servants and employees and in their hiring practices in the exercise of their police functions and their failure to enforce the laws of the State and City of New York is evidence of the reckless lack of cautious regard for the rights of the public including PLAINTIFF, **JONNATAN REYES**, and exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of the DEFENDANTS; and,

43

e)   the failure of the DEFENDANTS, their agents, servants and employees to hire, train supervise, discipline or in any other way control the DEFENDANTS, in the exercise of their functions and their failure to enforce the laws of the State of New York and the City of New York was and is carried out wilfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the State and City of New York including PLAINTIFF, **JONNATAN REYES**; and,

f)   due to the acts of the DEFENDANTS, their agents, servants and employees herein, the failure of the City of New York to discipline and properly hire the DEFENDANTS and the continued employment of the DEFENDANTS present a clear and present danger to the citizens of the City and State of New York; and,

g)   that the DEFENDANTS, their agents, servants and employees permitted the use of policy and/or drafted policy that was violative of the constitutional rights of the above named PLAINTIFF, **JONNATAN REYES**; and, in that each and all of the acts of the DEFENDANTS, their agents, servants and employees alleged herein were done not as individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, **THE CITY OF NEW YORK** and the County of New York, and under the authority of their office as police officers for said city and county.

178.   PLAINTIFF, **JONNATAN REYES**, did not commit any illegal act, either before or at the time he was falsely arrested and imprisoned, assaulted and battered, maliciously prosecuted and deprived of his constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. §1983 and the Constitution of the State of New York.

179.   As a direct result of the illegal actions and conduct on the part of the DEFENDANTS, their agents, servants and employees, PLAINTIFF, **JONNATAN REYES**, was falsely arrested and imprisoned, assaulted and battered.

180.   That at all times hereinafter mentioned, the DEFENDANTS were employed in their

44

respective capacities by the DEFENDANT **THE CITY OF NEW YORK** and were acting under the color of the polices, statutes, ordinances, rules and regulations of **THE CITY OF NEW YORK**.

181.   That at all times hereinafter mentioned, DEFENDANT, **"LIEUTENANT JOHN DOE #1"**, was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK**.

182.   That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #61"**, was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK**.

183.   That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #72"**, was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK**.

184.   That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #8"**, was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK**.

185.   That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #9"**, was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK**.

186.   That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #10"**, was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK**.

187.   That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #11"**, was acting pursuant to order directives from DEFENDANT **THE CITY OF**

NEW YORK.

188.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JANE DOE #1"**, was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK.**

189.    That during all times hereinafter mentioned, the DEFENDANTS, **"LIEUTENANT JOHN DOE #1", "POLICE OFFICER JOHN DOE #6", "POLICE OFFICER JOHN DOE #7", "POLICE OFFICER JOHN DOE #8", "POLICE OFFICER JOHN DOE #9, "POLICE OFFICER JOHN DOE #10, "POLICE OFFICER JOHN DOE #11 and "POLICE OFFICER JANE DOE #1"** and each of them separately, and in concert acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of **THE CITY OF NEW YORK** and the DEFENDANTS here, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the PLAINTIFF **JONNATAN REYES**, and deprived PLAINTIFF, **JONNATAN REYES**, of the rights, privileges and immunities secured to PLAINTIFF **JONNATAN REYES** by the First and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

189.    The Police Officers of the DEFENDANT **THE CITY OF NEW YORK** and its individual members who are agents, servants and employees of DEFENDANTS, together with persons unknown to PLAINTIFF **JONNATAN REYES**, acting under color of law, have subjected PLAINTIFF **JONNATAN REYES**, and other persons to a pattern of conduct consisting of illegal harassment, assault and battery, false imprisonments and arrests and malicious prosecution at the time said persons are lawfully and properly on the public sidewalks partaking in peaceful demonstrations in the County of New York, City and State of New York, in denial of rights,

privileges and immunities guaranteed PLAINTIFF, **JONNATAN REYES**, and other citizens by the Constitution of the United States.

190.    This systematic pattern of conduct consists of a large number of individual acts of force, intimidation, false arrest and false imprisonment visited on PLAINTIFF **JONNATAN REYES**, and other citizens by members of the police department of DEFENDANT **THE CITY OF NEW YORK**, acting in concert with persons unknown to PLAINTIFF, **JONNATAN REYES,** and under color of law and said acts, while carried out under color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

192.    Although DEFENDANTS knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and employees, the DEFENDANT **THE CITY OF NEW YORK** has not taken any steps or made any efforts to halt this course of conduct, to make redress to the PLAINTIFF **JONNATAN REYES** or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

193.    The unlawful and illegal conduct of the DEFENDANTS, their agents, servants and employees and each of them, deprived PLAINTIFF, **JONNATAN REYES**, of the following rights, privileges and immunities secured to him by the Constitution of the United and of the State of New York:

a)    The right of PLAINTIFF, **JONNATAN REYES**, to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States; and,

47

b) The right of PLAINTIFF, **JONNATAN REYES**, to be informed of the nature and cause of the accusation against him as secured to him under the Sixth and Fourteenth Amendments of the Constitution of the United States; and,

c) The right of PLAINTIFF, **JONNATAN REYES**, not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

194. That by reason of the aforesaid violations, false arrest and false imprisonment, assault and battery caused by the DEFENDANTS, their agents, servants and employees who conspired together to enter into a nefarious scheme to wrongfully deprive the PLAINTIFF, **JONNATAN REYES**, and compel him to abandon his rights and privileges as provided by him in the Constitution of the United States of America, and provided by him in the Constitution of the United States of America, and provided him in the Constitution of the State of New York, and laws thereto, the DEFENDANTS, their agents, servants and employees acted as persons who under color of any stature, ordinance, regulation, custom or usage of **THE CITY OF NEW YORK**, subjected or caused to be subjected, a citizen of the United States of America and of the State of New York; was subjected to great indignities and humiliation, and pain and distress of mind and body and was held up to scorn and ridicule, injured in his character and reputation, was prevented from attending his usual business and vocation and was injured in his reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging PLAINTIFF, **JONNATAN REYES**.

195. That by reason of the aforesaid intentional assault and battery, the false arrest and false imprisonment and deprivation of his rights and liberties as guaranteed by the aforementioned constitutions, by the DEFENDANTS, their agents, servants and employees, acting within the scope

of their authority, and without any probable cause or reasonable cause, the PLAINTIFF JONNATAN REYES, was subjected to great indignities and humiliation, and pain and distress of mind and body, and was held up to scorn and ridicule, injured in his character and reputation, was prevented from attending his usual business and vocation, was injured in his reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging the PLAINTIFF.

196.    That by reason of the aforesaid, PLAINTIFF, **JONNATAN REYES**, punitive damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF CHRISTOPHER RIVERA

196.    PLAINTIFF, **CHRISTOPHER RIVERA**, hereby incorporates by reference all of the allegations contained in paragraphs one through forty-two, with the same force and effect as if more fully and at length set forth herein.

197.    That on or about the 16th day of July, 2004, while PLAINTIFFS **SONIA RIVERA, JONNATAN REYES, CHRISTOPHER RIVERA, ADA MORALES** and **RAFAEL NIEVES** were lawfully and properly on the sidewalk or near premises known and designated as "Maresua Deli-Grocery Store" located at 322-24 East 194th Street, in the County of Bronx, City and State of New York, the DEFENDANTS, their agents, servants and employees, particularly DEFENDANTS "LIEUTENANT JOHN DOE #1", "POLICE OFFICERS JOHN DOE #6-11" and "POLICE OFFICER JANE DOE #1", disembarked from an unmarked motor vehicle (van) without just cause or provocation and with great force seized, assaulted and laid hold of PLAINTIFF **CHRISTOPHER**

RIVERA by unlawfully detaining, searching his person and causing handcuffs to be tightly placed upon his wrists behind his back.

198.    Upon information and belief, that the DEFENDANTS, their agents, servants and employer, acting as agents and on behalf of DEFENDANTS and within the scope of their employment, intentionally and willfully assaulted and battered PLAINTIFF **CHRISTOPHER RIVERA** in that they had the real or apparent ability to cause imminent harm and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the PLAINTIFF and that act caused apprehension on such contact in the PLAINTIFF and DEFENDANTS in a hostile and/or offensive manner pointed their weapons, touched and forcefully grabbed and pushed PLAINTIFF **CHRISTOPHER RIVERA**, without his consent and with intentions of causing harmful and offensive bodily contact to the PLAINTIFF by forcing him to remain handcuffed and seated on the ground for approximately two (2) hours as said DEFENDANTS ransacked and disrupted business in said premises in search of illicit controlled substances.

199.    Upon information and belief, that the DEFENDANTS, their agents, servants and employer, acting as agents and on behalf of DEFENDANTS and within the scope of their employment, intentionally and willfully assaulted and battered PLAINTIFF **CHRISTOPHER RIVERA** in that they had the real or apparent ability to cause imminent harm and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the PLAINTIFF and that act caused apprehension on such contact in the PLAINTIFF and DEFENDANTS in a hostile and/or offensive manner pointed their weapons, touched and forcefully grabbed and pushed PLAINTIFF **CHRISTOPHER RIVERA**, without his consent and with intentions of causing harmful and offensive bodily contact to the PLAINTIFF by forcefully grabbing

50

PLAINTIFF **CHRISTOPHER RIVERA** by the arm, forcefully lifting him to his feet, taking him to the back of said premises and threatened him.

200.    Upon information and belief, that PLAINTIFF **CHRISTOPHER RIVERA** was a lawful pedestrian at the time DEFENDANTS approached him on the street and was wholly innocent of any and all allegations of knowing where illicit controlled substances were stored inside said business.

201.    That by reason of the aforesaid intentional assault and battery committed by the DEFENDANTS, their agents, employees and servants, acting within the scope of their authority, and without probable cause, the PLAINTIFF suffered great physical pain to his wrists, arms and back, was subjected to great indignation, humiliation and ridicule by members of his immediate community and caused to suffer mental anguish, anxiety attacks, conscious fear of police and that he has otherwise been damaged.

202.    That by reason of the aforesaid, the PLAINTIFF has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF CHRISTOPHER RIVERA

203.    PLAINTIFF **CHRISTOPHER RIVERA**, hereby incorporates by reference all of the allegations contained in paragraphs "One" through "One Hundred Twenty Two", with the same force and effect as if more fully and at length set forth herein.

204.    That on or about the 16th day of July, 2004, while PLAINTIFFS **SONIA RIVERA, JONNATAN REYES, CHRISTOPHER RIVERA, ADA MORALES** and **RAFAEL NIEVES**

51

were lawfully and properly on the sidewalk and near premises known and designated as "Maresua Deli-Grocery Store" located at 322-24 East 194th Street, in the County of Bronx, City and State of New York, the DEFENDANTS, their agents, servants and employees, particularly DEFENDANTS **"LIEUTENANT JOHN DOE #1", "POLICE OFFICERS JOHN DOE #6-11" and "POLICE OFFICER JANE DOE #1",** wrongfully arrested and detained PLAINTIFF **CHRISTOPHER RIVERA,** without any right or grounds therefore.

205.    Upon information and belief, that on or about the 16th day of July, 2004, the defendants wrongfully and falsely accused PLAINTIFF **CHRISTOPHER RIVERA** of being in possession of illicit controlled substance and/or had knowledge of where there were illicit controlled substances within said premises.

206.    Upon information and belief, that the said arrest and detention was caused by the DEFENDANTS, their agents, servants and employees, without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that the PLAINTIFF **CHRISTOPHER RIVERA,** was in guilty of such crimes.

207.    Upon information and belief, while the PLAINTIFF was so engaged in his legal activity, as aforesaid, the DEFENDANTS their servants and employees, wrongfully and unlawfully, against the PLAINTIFF's wish, without probable or reasonable cause, arrested and detained the PLAINTIFF and will full force of arms they forcibly seized, assaulted and laid hold of and compelled him to go into the aforesaid store and remain detained and imprisoned therein for two hours until such time as he was released.

208.    Upon information and belief, that the DEFENDANTS, their agents, servants and employer, acting as agents and on behalf of DEFENDANTS and within the scope of their

employment, detained and imprisoned PLAINTIFF **CHRISTOPHER RIVERA** even though DEFENDANTS, their agents, servants and employees, had the opportunity to know or should have known that the matters hereinbefore alleged, wrongfully, unlawfully and without a sufficient charge having been made against the plaintiff, directed that the plaintiff be searched and placed in confinement at said location.

209.    That PLAINTIFF **CHRISTOPHER RIVERA** was wholly innocent of the said suspicious criminal activity and did not contribute in any way to the conduct of the DEFENDANTS, their agents, servants and employees and was forced by the defendants to submit to the aforesaid arrest and imprisonment thereto entirely against his will.

210.    That the DEFENDANTS, their agents, servants and employees acting under their employment, as set forth aforesaid on the aforementioned date, time and place, intended to confine PLAINTIFF **CHRISTOPHER RIVERA**; in that the PLAINTIFF was conscious of the confinement; PLAINTIFF did not consent to the confinement; and that the confinement was not otherwise privileged.

211.    That by reason of the false arrest, imprisonment and detention of PLAINTIFF **CHRISTOPHER RIVERA**, PLAINTIFF was subjected to great indignities, humiliation and ridicule in being so  detained, was then and there prevented and hindered from performing and transacting his necessary affairs and business and he was caused to suffer much pain to both mind and body.

212.    That by reason of the aforesaid, the PLAINTIFF **CHRISTOPHER RIVERA** has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF CHRISTOPHER RIVERA

213.    PLAINTIFF, **CHRISTOPHER RIVERA**, repeats, reiterates and realleges each and every allegation contained in paragraphs marked one through one hundred eighty five with the same force and effect as if more fully and at length set forth herein.

214.    That on or about the 16th day of July, 2004, PLAINTIFF, **CHRISTOPHER RIVERA**, was lawfully and properly at or near premises known and designated as "Maresua Deli-Grocery Store" located at 322-24 East 194th Street, in the County of Bronx, City and State of New York, at which time and place DEFENDANTS then and there were at as part of their regular and official employment as police officers for the DEFENDANT, **THE CITY OF NEW YORK**.

215.    As PLAINTIFF, **CHRISTOPHER RIVERA**, was lawfully and properly thereat conversing with family and friends, the aforementioned police officers, who having the real and apparent ability to cause imminent harmful and offensive bodily contact and the power and authority to arrest and imprison the PLAINTIFF, **CHRISTOPHER RIVERA**, did conduct these acts upon the PLAINTIFF, **CHRISTOPHER RIVERA**, who, after continuing his lawful activity, was conversing with family and friends thereat on the aforementioned date and place and forcefully precipitated the PLAINTIFF, **CHRISTOPHER RIVERA**.

216.    Immediately thereafter, aforementioned DEFENDANTS, their agents, servants and employees falsely arrested and imprisoned the PLAINTIFF, **CHRISTOPHER RIVERA**, assaulted the PLAINTIFF, **CHRISTOPHER RIVERA**, and deprived him of his rights and liberties as set forth in the Constitutions of the United States and of the State of New York, handcuffed him and threatened PLAINTIFF, **CHRISTOPHER RIVERA**, with the possible use of firearms and weapons

54

and the use of physical force; in that they continued to assault the PLAINTIFF, **CHRISTOPHER RIVERA**, and to imprison him without any conduct on the part of the PLAINTIFF, **CHRISTOPHER RIVERA**, to so warrant; to wit:

a)    in that all of the actions of the DEFENDANTS, their agents, servants and employees, were committed with the intention to cause bodily and mental injury to the PLAINTIFF, **CHRISTOPHER RIVERA**, to arrest, restrain and imprison the PLAINTIFF, **CHRISTOPHER RIVERA**, without his consent, the PLAINTIFF, **CHRISTOPHER RIVERA**, was at all times conscious of his arrest, did not consent to the false arrest and the false arrest and imprisonments were not otherwise privileged; and,

b)    the arrest and imprisonment were not justified by probable cause or other legal privilege; DEFENDANTS, their agents, servants and employees, acting under the color of statute, ordinances, regulations, customs and usages of the State, City and County of New York, and under the authority of their office as police officers for said City, falsely detained the PLAINTIFF, **CHRISTOPHER RIVERA**, although the DEFENDANTS, acting in such capacity knew that such charges were false; and,

c)    in that the DEFENDANTS, their agents, servants and employees caused an assault and battery hen they in a hostile and/or offensive manner threatened, touched and grabbed the PLAINTIFF, **CHRISTOPHER RIVERA**, without his consent and with the intention of causing harmful and/or offensive bodily contact to the PLAINTIFF, **CHRISTOPHER RIVERA**, all without warrant, probable cause or any lawful cause whatever; and,

d)    that the DEFENDANTS, their agents, servants and employees failed to adequately and properly hire, retain, train, supervise, discipline or in any other way control the behavior and performance of the DEFENDANTS, their agents, servants and employees and in their hiring practices in the exercise of their police functions and their failure to enforce the laws of the State and City of New York is evidence of the reckless lack of cautious regard for the rights of the public including PLAINTIFF, **CHRISTOPHER RIVERA**, and exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of the DEFENDANTS; and,

e)    the failure of the DEFENDANTS, their agents, servants and employees to hire, train supervise, discipline or in any other way control the DEFENDANTS, in the exercise of their functions and their failure to enforce the laws of the State of New York and the City of New York was and is carried out wilfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the State and City of New York including PLAINTIFF, **CHRISTOPHER RIVERA**; and,

f)    due to the acts of the DEFENDANTS, their agents, servants and employees herein, the failure of the City of New York to discipline and properly hire the DEFENDANTS and the continued employment of the DEFENDANTS present a clear and present danger to the citizens of the City and State of New York; and,

g)    that the DEFENDANTS, their agents, servants and employees permitted the use of policy and/or drafted policy that was violative of the constitutional rights of the above named PLAINTIFF, **CHRISTOPHER RIVERA**; and, in that each and all of the acts of the DEFENDANTS, their agents, servants and employees alleged herein were done not as individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, **THE CITY OF NEW YORK** and the County of New York, and under the authority of their office as police officers for said city and county.

217.    PLAINTIFF, **CHRISTOPHER RIVERA**, did not commit any illegal act, either before or at the time he was falsely arrested and imprisoned, assaulted and battered, maliciously prosecuted and deprived of his constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. §1983 and the Constitution of the State of New York.

218.    As a direct result of the illegal actions and conduct on the part of the DEFENDANTS, their agents, servants and employees, PLAINTIFF, **CHRISTOPHER RIVERA**, was falsely arrested and imprisoned, assaulted and battered.

219.    That at all times hereinafter mentioned, the DEFENDANTS were employed in their

56

respective capacities by the DEFENDANT **THE CITY OF NEW YORK** and were acting under the color of the polices, statutes, ordinances, rules and regulations of **THE CITY OF NEW YORK**.

220.    That at all times hereinafter mentioned, DEFENDANT, **"LIEUTENANT JOHN DOE #1"**, was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK**.

221.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #61"**, was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK**.

222.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #72"**, was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK**.

223.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #8"**, was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK**.

224.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #9"**, was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK**.

225.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #10"**, was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK**.

226.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #11"**, was acting pursuant to order directives from DEFENDANT **THE CITY OF**

NEW YORK.

227.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JANE DOE #1"**, was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK.**

228.    That during all times hereinafter mentioned, the DEFENDANTS, **"LIEUTENANT JOHN DOE #1", "POLICE OFFICER JOHN DOE #6", "POLICE OFFICER JOHN DOE #7", "POLICE OFFICER JOHN DOE #8", "POLICE OFFICER JOHN DOE #9, "POLICE OFFICER JOHN DOE #10, "POLICE OFFICER JOHN DOE #11 and "POLICE OFFICER JANE DOE #1"** and each of them separately, and in concert acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of **THE CITY OF NEW YORK** and the DEFENDANTS here, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the PLAINTIFF **CHRISTOPHER RIVERA**, and deprived PLAINTIFF, **CHRISTOPHER RIVERA**, of the rights, privileges and immunities secured to PLAINTIFF **CHRISTOPHER RIVERA** by the First and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

229.    The Police Officers of the DEFENDANT **THE CITY OF NEW YORK** and its individual members who are agents, servants and employees of DEFENDANTS, together with persons unknown to PLAINTIFF **CHRISTOPHER RIVERA**, acting under color of law, have subjected PLAINTIFF **CHRISTOPHER RIVERA**, and other persons to a pattern of conduct consisting of illegal harassment, assault and battery, false imprisonments and arrests and malicious prosecution at the time said persons are lawfully and properly on the public sidewalks partaking in peaceful demonstrations in the County of New York, City and State of New York, in denial of rights,

privileges and immunities guaranteed PLAINTIFF, **CHRISTOPHER RIVERA**, and other citizens by the Constitution of the United States.

230.    This systematic pattern of conduct consists of a large number of individual acts of force, intimidation, false arrest and false imprisonment visited on PLAINTIFF **CHRISTOPHER RIVERA**, and other citizens by members of the police department of DEFENDANT **THE CITY OF NEW YORK**, acting in concert with persons unknown to PLAINTIFF, **CHRISTOPHER RIVERA**, and under color of law and said acts, while carried out under color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

231.    Although DEFENDANTS knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and employees, the DEFENDANT **THE CITY OF NEW YORK** has not taken any steps or made any efforts to halt this course of conduct, to make redress to the PLAINTIFF **CHRISTOPHER RIVERA** or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

232.    The unlawful and illegal conduct of the DEFENDANTS, their agents, servants and employees and each of them, deprived PLAINTIFF, **CHRISTOPHER RIVERA**, of the following rights, privileges and immunities secured to him by the Constitution of the United and of the State of New York:

        a)    The right of PLAINTIFF, **CHRISTOPHER RIVERA**, to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States; and,

59

b)  The right of PLAINTIFF, **CHRISTOPHER RIVERA**, to be informed of the nature and cause of the accusation against him as secured to him under the Sixth and Fourteenth Amendments of the Constitution of the United States; and,

c)  The right of PLAINTIFF, **CHRISTOPHER RIVERA**, not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

233.   That by reason of the aforesaid violations, false arrest and false imprisonment, assault and battery caused by the DEFENDANTS, their agents, servants and employees who conspired together to enter into a nefarious scheme to wrongfully deprive the PLAINTIFF, **CHRISTOPHER RIVERA**, and compel him to abandon his rights and privileges as provided by him in the Constitution of the United States of America, and provided by him in the Constitution of the United States of America, and provided him in the Constitution of the State of New York, and laws thereto, the DEFENDANTS, their agents, servants and employees acted as persons who under color of any stature, ordinance, regulation, custom or usage of **THE CITY OF NEW YORK**, subjected or caused to be subjected, a citizen of the United States of America and of the State of New York; was subjected to great indignities and humiliation, and pain and distress of mind and body and was held up to scorn and ridicule, injured in his character and reputation, was prevented from attending his usual business and vocation and was injured in his reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging PLAINTIFF, **CHRISTOPHER RIVERA.**

234.   That by reason of the aforesaid intentional assault and battery, the false arrest and false imprisonment and deprivation of his rights and liberties as guaranteed by the aforementioned constitutions, by the DEFENDANTS, their agents, servants and employees, acting within the scope

of their authority, and without any probable cause or reasonable cause, the PLAINTIFF **CHRISTOPHER RIVERA**, was subjected to great indignities and humiliation, and pain and distress of mind and body, and was held up to scorn and ridicule, injured in his character and reputation, was prevented from attending his usual business and vocation, was injured in his reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging the PLAINTIFF.

235.    That by reason of the aforesaid, PLAINTIFF, **CHRISTOPHER RIVERA**, punitive damages in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A EIGHTEENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF ADA MORALES

236.    PLAINTIFF, **ADA MORALES**, hereby incorporates by reference all of the allegations contained in paragraphs one through two hundred forty eight, with the same force and effect as if more fully and at length set forth herein.

237.    That on or about the 16th day of July, 2004, while PLAINTIFFS **SONIA RIVERA, JONNATAN REYES, CHRISTOPHER RIVERA, ADA MORALES** and **RAFAEL NIEVES** were lawfully and properly on the sidewalk or near premises known and designated as "Maresua Deli-Grocery Store" located at 322-24 East 194th Street, in the County of Bronx, City and State of New York, the DEFENDANTS, their agents, servants and employees, particularly DEFENDANTS **"LIEUTENANT JOHN DOE #1", "POLICE OFFICERS JOHN DOE #6-11"** and **"POLICE OFFICER JANE DOE #1"**, disembarked from an unmarked motor vehicle (van) without just cause or provocation and with great force seized, assaulted and laid hold of PLAINTIFF **ADA**

MORALES, who had been recently surgically operated, by unlawfully detaining, searching her person and forcing her into the store.

238.    Upon information and belief, that the DEFENDANTS, their agents, servants and employer, acting as agents and on behalf of DEFENDANTS and within the scope of their employment, intentionally and willfully assaulted and battered PLAINTIFF **ADA MORALES** in that they had the real or apparent ability to cause imminent harm and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the PLAINTIFF and that act caused apprehension on such contact in the PLAINTIFF and DEFENDANTS in a hostile manner and/or touched and forcefully grabbed and pushed PLAINTIFF **ADA MORALES**, without her consent and with intentions of causing harmful and offensive bodily contact to the PLAINTIFF by forcing her to remain seated on the ground for approximately two (2) hours as said DEFENDANTS ransacked and disrupted business in said premises in search of illicit controlled substances.

239.    Upon information and belief, that the DEFENDANTS, their agents, servants and employer, acting as agents and on behalf of DEFENDANTS and within the scope of their employment, intentionally and willfully assaulted and battered PLAINTIFF **ADA MORALES** in that they had the real or apparent ability to cause imminent harm and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the PLAINTIFF and that act caused apprehension on such contact in the PLAINTIFF and DEFENDANTS in a hostile manner and/or touched and forcefully grabbed and pushed PLAINTIFF **ADA MORALES**, without her consent and with intentions of causing harm.

240.    Upon information and belief, that PLAINTIFF **ADA MORALES** was a lawful

62

pedestrian at the time DEFENDANTS approached her on the street and was wholly innocent of any and all allegations of knowing where illicit controlled substances were stored inside said business.

241.    That by reason of the aforesaid intentional assault and battery committed by the DEFENDANTS, their agents, employees and servants, acting within the scope of their authority, and without probable cause, the PLAINTIFF suffered increased pain from recent surgical operations, arms and back, was subjected to great indignation, humiliation and ridicule by members of her immediate community and caused to suffer mental anguish, anxiety attacks, conscious fear of police and that she has otherwise been damaged.

242.    That by reason of the aforesaid, the PLAINTIFF has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS

## AS AND FOR A NINETEENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF ADA MORALES

246.    PLAINTIFF **ADA MORALES**, hereby incorporates by reference all of the allegations contained in paragraphs "One" through "One Hundred Thirty Nine", with the same force and effect as if more fully and at length set forth herein.

247.    That on or about the 16th day of July, 2004, while PLAINTIFFS **SONIA RIVERA, JONNATAN REYES, CHRISTOPHER RIVERA, ADA MORALES** and **RAFAEL NIEVES** were lawfully and properly on the sidewalk and near premises known and designated as "Maresua Deli-Grocery Store" located at 322-24 East 194th Street, in the County of Bronx, City and State of New York, the DEFENDANTS, their agents, servants and employees, particularly DEFENDANTS **"LIEUTENANT JOHN DOE #1", "POLICE OFFICERS JOHN DOE #6-11"** and **"POLICE**

**OFFICER JANE DOE #1"**, wrongfully arrested and detained PLAINTIFF **ADA MORALES**, without any right or grounds therefore.

248.    Upon information and belief, that on or about the 16th day of July, 2004, the defendants wrongfully and falsely accused PLAINTIFF **ADA MORALES** of being in possession of illicit controlled substance and/or had knowledge of where there were illicit controlled substances within said premises.

249.    Upon information and belief, that the said arrest and detention was caused by the DEFENDANTS, their agents, servants and employees, without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that the PLAINTIFF **ADA MORALES**, was in guilty of such crimes.

250.    Upon information and belief, while the PLAINTIFF was so engaged in his legal activity, as aforesaid, the DEFENDANTS their servants and employees, wrongfully and unlawfully, against the PLAINTIFF's wish, without probable or reasonable cause, arrested and detained the PLAINTIFF and will full force of arms they forcibly seized, assaulted and laid hold of and compelled her to go into the aforesaid store and remain detained and imprisoned therein for two hours until such time as she was released.

251.    Upon information and belief, that the DEFENDANTS, their agents, servants and employer, acting as agents and on behalf of DEFENDANTS and within the scope of their employment, detained and imprisoned PLAINTIFF **ADA MORALES** even though DEFENDANTS, their agents, servants and employees, had the opportunity to know or should have known that the matters hereinbefore alleged, wrongfully, unlawfully and without a sufficient charge having been made against the PLAINTIFF, directed that the PLAINTIFF be searched and placed in

64

confinement at said location.

252.    That PLAINTIFF **ADA MORALES** was wholly innocent of the said suspicious criminal activity and did not contribute in any way to the conduct of the DEFENDANTS, their agents, servants and employees and was forced by the defendants to submit to the aforesaid arrest and imprisonment thereto entirely against her will.

253.    That the DEFENDANTS, their agents, servants and employees acting under their employment, as set forth aforesaid on the aforementioned date, time and place, intended to confine PLAINTIFF **ADA MORALES**; in that the PLAINTIFF was conscious of the confinement; PLAINTIFF did not consent to the confinement; and that the confinement was not otherwise privileged.

254.    That by reason of the false arrest, imprisonment and detention of PLAINTIFF **ADA MORALES**, PLAINTIFF was subjected to great indignities, humiliation and ridicule in being so detained, was then and there prevented and hindered from performing and transacting her necessary affairs and business and she was caused to suffer much pain to both mind and body.

255.    That by reason of the aforesaid, the PLAINTIFF **ADA MORALES** has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

### AS AND FOR A TWENTIETH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF ADA MORALES

256.    PLAINTIFF, **ADA MORALES**, repeats, reiterates and realleges each and every allegation contained in paragraphs marked one through two hundred sixty four with the same force and effect as if more fully and at length set forth herein.

65

257.    That on or about the 16th day of July, 2004,  PLAINTIFF, **ADA MORALES**, was lawfully and properly at or near premises known and designated as "Maresua Deli-Grocery Store" located at 322-24 East 194th Street, in the County of Bronx, City and State of New York, more particularly on the public sidewalk thereat, at which time and place DEFENDANTS then and there were at as part of their regular and official employment as police officers for the DEFENDANT, **THE CITY OF NEW YORK**.

258.    As PLAINTIFF, **ADA MORALES**, was lawfully and properly thereat conversing with family and friends, the aforementioned police officers, who having the real and apparent ability to cause imminent harmful and offensive bodily contact and the power and authority to arrest and imprison the PLAINTIFF, **ADA MORALES**, did conduct these acts upon the PLAINTIFF, **ADA MORALES**, who, after continuing her lawful activity, was conversing with family and friends thereat on the aforementioned date and place and forcefully precipitated the PLAINTIFF, **ADA MORALES**.

259.    Immediately thereafter, aforementioned DEFENDANTS, their agents, servants and employees falsely arrested and imprisoned the PLAINTIFF, **ADA MORALES**, assaulted the PLAINTIFF, **ADA MORALES**, and deprived her of her rights and liberties as set forth in the Constitutions of the United States and of the State of New York, handcuffed her and threatened PLAINTIFF, **ADA MORALES**, with the possible use of firearms and weapons and the use of physical force; in that they continued to assault the PLAINTIFF, **ADA MORALES**, and to imprison her without any conduct on the part of the PLAINTIFF, **ADA MORALES**, to so warrant; to wit:

        a)     in that all of the actions of the DEFENDANTS, their agents, servants and employees, were committed with the intention to cause bodily and mental injury to the PLAINTIFF, **ADA MORALES**, to arrest,

restrain and imprison the PLAINTIFF, **ADA MORALES**, without his consent, the PLAINTIFF, **ADA MORALES**, was at all times conscious of her arrest, did not consent to the false arrest and the false arrest and imprisonments were not otherwise privileged; and,

b) the arrest and imprisonment were not justified by probable cause or other legal privilege; DEFENDANTS, their agents, servants and employees, acting under the color of statute, ordinances, regulations, customs and usages of the State, City and County of New York, and under the authority of their office as police officers for said City, falsely detained the PLAINTIFF, **ADA MORALES**, although the DEFENDANTS, acting in such capacity knew that such charges were false; and,

c) in that the DEFENDANTS, their agents, servants and employees caused an assault and battery hen they in a hostile and/or offensive manner threatened, touched and grabbed the PLAINTIFF, **ADA MORALES**, without her consent and with the intention of causing harmful and/or offensive bodily contact to the PLAINTIFF, **ADA MORALES**, all without warrant, probable cause or any lawful cause whatever; and,

d) that the DEFENDANTS, their agents, servants and employees failed to adequately and properly hire, retain, train, supervise, discipline or in any other way control the behavior and performance of the DEFENDANTS, their agents, servants and employees and in their hiring practices in the exercise of their police functions and their failure to enforce the laws of the State and City of New York is evidence of the reckless lack of cautious regard for the rights of the public including PLAINTIFF, **ADA MORALES**, and exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of the DEFENDANTS; and,

e) the failure of the DEFENDANTS, their agents, servants and employees to hire, train supervise, discipline or in any other way control the DEFENDANTS, in the exercise of their functions and their failure to enforce the laws of the State of New York and the City of New York was and is carried out wilfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the State and City of New York including PLAINTIFF, **ADA MORALES**; and,

67

f)     due to the acts of the DEFENDANTS, their agents, servants and employees herein, the failure of the City of New York to discipline and properly hire the DEFENDANTS and the continued employment of the DEFENDANTS present a clear and present danger to the citizens of the City and State of New York; and,

g)     that the DEFENDANTS, their agents, servants and employees permitted the use of policy and/or drafted policy that was violative of the constitutional rights of the above named PLAINTIFF, **ADA MORALES**; and, in that each and all of the acts of the DEFENDANTS, their agents, servants and employees alleged herein were done not as individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, **THE CITY OF NEW YORK** and the County of New York, and under the authority of their office as police officers for said city and county.

260.    PLAINTIFF, **ADA MORALES**, did not commit any illegal act, either before or at the time she was falsely arrested and imprisoned, assaulted and battered, maliciously prosecuted and deprived of her constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. §1983 and the Constitution of the State of New York.

261.    As a direct result of the illegal actions and conduct on the part of the DEFENDANTS, their agents, servants and employees, PLAINTIFF, **ADA MORALES**, was falsely arrested and imprisoned, assaulted and battered.

262.    That at all times hereinafter mentioned, the DEFENDANTS were employed in their respective capacities by the DEFENDANT **THE CITY OF NEW YORK** and were acting under the color of the polices, statutes, ordinances, rules and regulations of **THE CITY OF NEW YORK**.

263.    That at all times hereinafter mentioned, DEFENDANT, **"LIEUTENANT JOHN DOE #1"**, was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK**.

264.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #6"**, was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK**.

265.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #7"**, was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK**.

266.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #8"**, was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK**.

267.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #9"**, was acting pursuant to order directives from Defendant **THE CITY OF NEW YORK**.

268.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #10"**, was acting pursuant to order directives from Defendant **THE CITY OF NEW YORK**.

269.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #11"**, was acting pursuant to order directives from Defendant **THE CITY OF NEW YORK**.

270.    That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JANE DOE #1"**, was acting pursuant to order directives from Defendant **THE CITY OF NEW YORK**.

271.    That during all times hereinafter mentioned, the DEFENDANTS, **"LIEUTENANT**

JOHN DOE #1", "POLICE OFFICER JOHN DOE #6", "POLICE OFFICER JOHN DOE #7", "POLICE OFFICER JOHN DOE #8, "POLICE OFFICER JOHN DOE #9", "POLICE OFFICER JOHN DOE #10, "POLICE OFFICER JOHN DOE #11" and "POLICE OFFICER JANE DOE #1" and each of them separately, and in concert acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of **THE CITY OF NEW YORK** and the DEFENDANTS here, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the PLAINTIFF **ADA MORALES**, and deprived PLAINTIFF, **ADA MORALES**, of the rights, privileges and immunities secured to PLAINTIFF **ADA MORALES** by the First and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

272.    The Police Officers of the DEFENDANT **THE CITY OF NEW YORK** and its individual members who are agents, servants and employees of DEFENDANTS, together with persons unknown to PLAINTIFF **ADA MORALES**, acting under color of law, have subjected PLAINTIFF **ADA MORALES**, and other persons to a pattern of conduct consisting of illegal harassment, assault and battery, false imprisonments and arrests and malicious prosecution at the time said persons are lawfully and properly on the public sidewalks partaking in peaceful demonstrations in the County of New York, City and State of New York, in denial of rights, privileges and immunities guaranteed PLAINTIFF, **ADA MORALES**, and other citizens by the Constitution of the United States.

273.    This systematic pattern of conduct consists of a large number of individual acts of force, intimidation, false arrest and false imprisonment visited on PLAINTIFF **ADA MORALES**, and other citizens by members of the police department of DEFENDANT **THE CITY OF NEW**

70

YORK, acting in concert with persons unknown to PLAINTIFF, **ADA MORALES,** and under color of law and said acts, while carried out under color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

274.    Although DEFENDANTS knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and employees, the DEFENDANT **THE CITY OF NEW YORK** has not taken any steps or made any efforts to halt this course of conduct, to make redress to the PLAINTIFF **ADA MORALES** or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

275.    The unlawful and illegal conduct of the DEFENDANTS, their agents, servants and employees and each of them, deprived PLAINTIFF, **ADA MORALES**, of the following rights, privileges and immunities secured to him by the Constitution of the United and of the State of New York:

a)    The right of PLAINTIFF, **ADA MORALES**, to be secure in her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States; and,

b)    The right of PLAINTIFF, **ADA MORALES**, to be informed of the nature and cause of the accusation against her as secured to him under the Sixth and Fourteenth Amendments of the Constitution of the United States; and,

c)    The right of PLAINTIFF, **ADA MORALES**, not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

276.    That by reason of the aforesaid violations, false arrest and false imprisonment, assault

71

and battery caused by the DEFENDANTS, their agents, servants and employees who conspired together to enter into a nefarious scheme to wrongfully deprive the PLAINTIFF, **ADA MORALES,** and compel her to abandon her rights and privileges as provided by her in the Constitution of the United States of America, and provided by her in the Constitution of the United States of America, and provided her in the Constitution of the State of New York, and laws thereto, the DEFENDANTS, their agents, servants and employees acted as persons who under color of any stature, ordinance, regulation, custom or usage of **THE CITY OF NEW YORK,** subjected or caused to be subjected, a citizen of the United States of America and of the State of New York; was subjected to great indignities and humiliation, and pain and distress of mind and body and was held up to scorn and ridicule, injured in her character and reputation, was prevented from attending her usual business and vocation and was injured in her reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging PLAINTIFF, **ADA MORALES.**

277.    That by reason of the aforesaid intentional assault and battery, the false arrest and false imprisonment and deprivation of her rights and liberties as guaranteed by the aforementioned constitutions, by the DEFENDANTS, their agents, servants and employees, acting within the scope of their authority, and without any probable cause or reasonable cause, the PLAINTIFF **ADA MORALES,** was subjected to great indignities and humiliation, and pain and distress of mind and body, and was held up to scorn and ridicule, injured in her character and reputation, was prevented from attending her usual business and vocation, was injured in his reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging the PLAINTIFF.

278.    That by reason of the aforesaid, PLAINTIFF, **ADA MORALES,** punitive damages

72

in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF RAFAEL NIEVES

279.    PLAINTIFF, **RAFAEL NIEVES**, hereby incorporates by reference all of the allegations contained in paragraphs one through forty-two, with the same force and effect as if more fully and at length set forth herein.

280.    That on or about the 16th day of July, 2004, while PLAINTIFFS **SONIA RIVERA, JONNATAN REYES, CHRISTOPHER RIVERA, ADA MORALES** and **RAFAEL NIEVES** were lawfully and properly on the sidewalk or near premises known and designated as "Maresua Deli-Grocery Store" located at 322-24 East 194th Street, in the County of Bronx, City and State of New York, the DEFENDANTS, their agents, servants and employees, particularly DEFENDANTS **"LIEUTENANT JOHN DOE #1", "POLICE OFFICERS JOHN DOE #6-11"** and **"POLICE OFFICER JANE DOE #1"**, disembarked from an unmarked motor vehicle (van) without just cause or provocation and with great force seized, assaulted and laid hold of PLAINTIFF **RAFAEL NIEVES** by unlawfully detaining, searching his person and causing handcuffs to be tightly placed upon his wrists behind his back.

281.    Upon information and belief, that the DEFENDANTS, their agents, servants and employer, acting as agents and on behalf of DEFENDANTS and within the scope of their employment, intentionally and willfully assaulted and battered PLAINTIFF **RAFAEL NIEVES** in that they had the real or apparent ability to cause imminent harm and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the PLAINTIFF and that act caused apprehension on such contact in the PLAINTIFF and DEFENDANTS in a hostile

73

and/or offensive manner pointed their weapons, touched and forcefully grabbed and pushed PLAINTIFF **RAFAEL NIEVES**, without his consent and with intentions of causing harmful and offensive bodily contact to the PLAINTIFF by forcing him to remain handcuffed and seated on the ground for approximately two (2) hours as said DEFENDANTS ransacked and disrupted business in said premises in search of illicit controlled substances.

282.    Upon information and belief, that the DEFENDANTS, their agents, servants and employer, acting as agents and on behalf of DEFENDANTS and within the scope of their employment, intentionally and willfully assaulted and battered PLAINTIFF **RAFAEL NIEVES** in that they had the real or apparent ability to cause imminent harm and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the PLAINTIFF and that act caused apprehension on such contact in the PLAINTIFF and DEFENDANTS in a hostile and/or offensive manner pointed their weapons, touched and forcefully grabbed and pushed PLAINTIFF **RAFAEL NIEVES**, without his consent and with intentions of causing harmful and offensive bodily contact to the PLAINTIFF by forcefully grabbing PLAINTIFF **RAFAEL NIEVES** by the arm, forcefully lifting him to his feet, taking him to the back of said premises and threatened him.

283.    Upon information and belief, that PLAINTIFF **RAFAEL NIEVES** was a lawful pedestrian at the time DEFENDANTS approached him on the street and was wholly innocent of any and all allegations of knowing where illicit controlled substances were stored inside said business.

284.    That by reason of the aforesaid intentional assault and battery committed by the DEFENDANTS, their agents, employees and servants, acting within the scope of their authority, and without probable cause, the PLAINTIFF suffered great physical pain to his wrists, arms and back,

74

was subjected to great indignation, humiliation and ridicule by members of his immediate community and caused to suffer mental anguish, anxiety attacks, conscious fear of police and that he has otherwise been damaged.

285.    That by reason of the aforesaid, the PLAINTIFF has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS

## AS AND FOR A TWENTY-SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF RAFAEL NIEVES

286.    PLAINTIFF **RAFAEL NIEVES**, hereby incorporates by reference all of the allegations contained in paragraphs "One" through "One Hundred Fifty Six", with the same force and effect as if more fully and at length set forth herein.

287.    That on or about the 16th day of July, 2004, while PLAINTIFFS **SONIA RIVERA, JONNATAN REYES, CHRISTOPHER RIVERA, ADA MORALES** and **RAFAEL NIEVES** were lawfully and properly on the sidewalk and near premises known and designated as "Maresua Deli-Grocery Store" located at 322-24 East 194th Street, in the County of Bronx, City and State of New York, the DEFENDANTS, their agents, servants and employees, particularly DEFENDANTS **"LIEUTENANT JOHN DOE #1", "POLICE OFFICERS JOHN DOE #6-11"** and **"POLICE OFFICER JANE DOE #1"**, wrongfully arrested and detained PLAINTIFF **RAFAEL NIEVES**, without any right or grounds therefore.

288.    Upon information and belief, that on or about the 16th day of July, 2004, the defendants wrongfully and falsely accused PLAINTIFF **RAFAEL NIEVES** of being in possession of illicit controlled substance and/or had knowledge of where there were illicit controlled substances within said premises.

75

289.    Upon information and belief, that the said arrest and detention was caused by the DEFENDANTS, their agents, servants and employees, without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that the PLAINTIFF RAFAEL NIEVES, was in guilty of such crimes.

290.    Upon information and belief, while the PLAINTIFF was so engaged in his legal activity, as aforesaid, the DEFENDANTS their servants and employees, wrongfully and unlawfully, against the PLAINTIFF's wish, without probable or reasonable cause, arrested and detained the PLAINTIFF and will full force of arms they forcibly seized, assaulted and laid hold of and compelled him to go into the aforesaid store and remain detained and imprisoned therein for two hours until such time as he was released.

291.    Upon information and belief, that the DEFENDANTS, their agents, servants and employer, acting as agents and on behalf of DEFENDANTS and within the scope of their employment, detained and imprisoned PLAINTIFF RAFAEL NIEVES even though DEFENDANTS, their agents, servants and employees, had the opportunity to know or should have known that the matters hereinbefore alleged, wrongfully, unlawfully and without a sufficient charge having been made against the PLAINTIFF, directed that the PLAINTIFF be searched and placed in confinement at said location.

292.    That PLAINTIFF RAFAEL NIEVES was wholly innocent of the said suspicious criminal activity and did not contribute in any way to the conduct of the DEFENDANTS, their agents, servants and employees and was forced by the DEFENDANTS to submit to the aforesaid arrest and imprisonment thereto entirely against his will.

293.    That the DEFENDANTS, their agents, servants and employees acting under their

76

employment, as set forth aforesaid on the aforementioned date, time and place, intended to confine PLAINTIFF **RAFAEL NIEVES**; in that the PLAINTIFF was conscious of the confinement; PLAINTIFF did not consent to the confinement; and that the confinement was not otherwise privileged.

294.    That by reason of the false arrest, imprisonment and detention of PLAINTIFF **RAFAEL NIEVES**,  PLAINTIFF was subjected to great indignities, humiliation and ridicule in being so  detained, was then and there prevented and hindered from performing and transacting his necessary affairs and business and he was caused to suffer much pain to both mind and body.

295.    That by reason of the aforesaid, the PLAINTIFF **RAFAEL NIEVES** has been damaged in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR A TWENTY-THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF RAFAEL NIEVES

296.    PLAINTIFF, **RAFAEL NIEVES**, repeats, reiterates and realleges each and every allegation contained in paragraphs marked one through one hundred eighty five with the same force and effect as if more fully and at length set forth herein.

297.    That on or about the 16th day of July, 2004, PLAINTIFF, **RAFAEL NIEVES**, was lawfully and properly at or near premises known and designated as "Maresua Deli-Grocery Store" located at 322-24 East 194th Street, in the County of Bronx, City and State of New York, at which time and place DEFENDANTS then and there were at as part of their regular and official employment as police officers for the DEFENDANT, **THE CITY OF NEW YORK**.

298.    As PLAINTIFF, **RAFAEL NIEVES**, was lawfully and properly thereat conversing

77

with family and friends, the aforementioned police officers, who having the real and apparent ability to cause imminent harmful and offensive bodily contact and the power and authority to arrest and imprison the PLAINTIFF, **RAFAEL NIEVES**, did conduct these acts upon the PLAINTIFF, **RAFAEL NIEVES**, who, after continuing his lawful activity, was conversing with family and friends thereat on the aforementioned date and place and forcefully precipitated the PLAINTIFF, **RAFAEL NIEVES**.

299.    Immediately thereafter, aforementioned DEFENDANTS, their agents, servants and employees falsely arrested and imprisoned the PLAINTIFF, **RAFAEL NIEVES**, assaulted the PLAINTIFF, **RAFAEL NIEVES**, and deprived him of his rights and liberties as set forth in the Constitutions of the United States and of the State of New York, handcuffed him and threatened PLAINTIFF, **RAFAEL NIEVES**, with the possible use of firearms and weapons and the use of physical force; in that they continued to assault the PLAINTIFF, **RAFAEL NIEVES**, and to imprison him without any conduct on the part of the PLAINTIFF, **RAFAEL NIEVES**, to so warrant; to wit:

    a)    in that all of the actions of the DEFENDANTS, their agents, servants and employees, were committed with the intention to cause bodily and mental injury to the PLAINTIFF, **RAFAEL NIEVES**, to arrest, restrain and imprison the PLAINTIFF, **RAFAEL NIEVES**, without his consent, the PLAINTIFF, **RAFAEL NIEVES**, was at all times conscious of his arrest, did not consent to the false arrest and the false arrest and imprisonments were not otherwise privileged; and,

    b)    the arrest and imprisonment were not justified by probable cause or other legal privilege; DEFENDANTS, their agents, servants and employees, acting under the color of statute, ordinances, regulations, customs and usages of the State, City and County of New York, and under the authority of their office as police officers for said City, falsely detained the PLAINTIFF, **RAFAEL NIEVES**, although the DEFENDANTS, acting in such capacity knew that such charges were

false; and,

c)   in that the DEFENDANTS, their agents, servants and employees caused an assault and battery then they in a hostile and/or offensive manner threatened, touched and grabbed the PLAINTIFF **RAFAEL NIEVES**, without his consent and with the intention of causing harmful and/or offensive bodily contact to the PLAINTIFF, **RAFAEL NIEVES**, all without warrant, probable cause or any lawful cause whatever; and,

d)   that the DEFENDANTS, their agents, servants and employees failed to adequately and properly hire, retain, train, supervise, discipline or in any other way control the behavior and performance of the DEFENDANTS, their agents, servants and employees and in their hiring practices in the exercise of their police functions and their failure to enforce the laws of the State and City of New York is evidence of the reckless lack of cautious regard for the rights of the public including PLAINTIFF, **RAFAEL NIEVES**, and exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of the DEFENDANTS; and,

e)   the failure of the DEFENDANTS, their agents, servants and employees to hire, train supervise, discipline or in any other way control the DEFENDANTS, in the exercise of their functions and their failure to enforce the laws of the State of New York and the City of New York was and is carried out wilfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the State and City of New York including PLAINTIFF, **RAFAEL NIEVES**; and,

f)   due to the acts of the DEFENDANTS, their agents, servants and employees herein, the failure of the City of New York to discipline and properly hire the DEFENDANTS and the continued employment of the DEFENDANTS present a clear and present danger to the citizens of the City and State of New York; and,

g)   that the DEFENDANTS, their agents, servants and employees permitted the use of policy and/or drafted policy that was violative of the constitutional rights of the above named PLAINTIFF, **RAFAEL NIEVES**; and, in that each and all of the acts of the DEFENDANTS, their agents, servants and employees alleged herein were done not as

79

individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, **THE CITY OF NEW YORK** and the County of New York, and under the authority of their office as police officers for said city and county.

300. PLAINTIFF, **RAFAEL NIEVES**, did not commit any illegal act, either before or at the time he was falsely arrested and imprisoned, assaulted and battered, maliciously prosecuted and deprived of his constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. §1983 and the Constitution of the State of New York.

301. As a direct result of the illegal actions and conduct on the part of the DEFENDANTS, their agents, servants and employees, PLAINTIFF, **RAFAEL NIEVES**, was falsely arrested and imprisoned, assaulted and battered.

302. That at all times hereinafter mentioned, the DEFENDANTS were employed in their respective capacities by the DEFENDANT **THE CITY OF NEW YORK** and were acting under the color of the polices, statutes, ordinances, rules and regulations of **THE CITY OF NEW YORK**.

303. That at all times hereinafter mentioned, DEFENDANT, **"LIEUTENANT JOHN DOE #1"**, was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK**.

304. That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #6"**, was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK**.

305. That at all times hereinafter mentioned, DEFENDANT, **"POLICE OFFICER JOHN DOE #7"**, was acting pursuant to order directives from DEFENDANT **THE CITY OF NEW YORK**.